STATE OF NEW JERSEY, PLAINTIFF-APPELLANT, v.
THOMAS CARROLL, DEFENDANT-RESPONDENT.

Argued January 22, 1975—Decided March 4, 1975.

*Mr. Steven Jay Greenstein,* Assistant Prosecutor argued the cause for plaintiff-appellant (*Mr. Joseph P. Lordi,* Essex County Prosecutor, attorney).

*Marc J. Friedman,* Deputy Attorney General, argued the cause for *amicus curiae* State of New Jersey (*Mr. William F. Hyland,* Attorney General of New Jersey, attorney).

*Mr. John H. Ratliff,* Assistant Deputy Public Defender, argued the cause for defendant-respondent (*Mr. Stanley C. Van Ness,* Public Defender, attorney).

The opinion of the Court was delivered by

SULLIVAN, J. Certification was granted in this case, 65 *N. J.* 570 (1974), to consider the issues of the legality and propriety of sentencing defendant to the Youth Correctional Institution Complex for two consecutive indeterminate terms.

Thomas Carroll, defendant herein, participated in the robbery of a tavern. He was shot during the course of the robbery and was apprehended at the scene. A companion escaped. Following indictment on numerous charges, defendant pleaded guilty to a charge of robbery and a charge of receiving a stolen automobile. The remaining charges were dismissed.

The trial judge accepted the pleas. Defendant was sentenced for the robbery "to the Youth Reception and Rehabilitation Center at Yardville for an indeterminate term" with a 10 year maximum; for receiving a stolen automobile, defendant was sentenced "to the Youth Reception and Rehabilitation Center at Yardville for an indeterminate term, which sentence shall be consecutive to the sentence imposed" for the robbery.

Defendant appealed solely on the issue of excessive sentence. The Appellate Division, in an opinion reported at 128

*N. J. Super.* 234 (1974), while it did not question the legality of consecutive indeterminate reformatory sentences, held that the asserted rationale for them ran counter to the concept of rehabilitation which is the basic purpose of the indeterminate reformatory sentence. Accordingly, it modified the sentence imposed for receiving a stolen automobile by making it concurrent with, instead of consecutive to, the indeterminate sentence imposed for the robbery.

In the certification proceeding before us it was disclosed that prior to the Appellate Division's ruling, defendant had been released from Yardville under both indeterminate sentences so that the claim of excessive sentence had become academic except for possible violation of parole by defendant and then only to the extent that the maximum for the consecutive indeterminate sentences (15 years) would exceed the maximum for concurrent sentences (10 years). Accordingly, we are not inclined to disturb the Appellate Division's actual disposition of the matter.

We take issue with that part of the Appellate Division opinion which stated that the asserted rationale for consecutive indeterminate sentences runs counter to the basic purpose of a reformatory sentence. We think the foregoing statement is too broad.

The legality of consecutive indeterminate sentences has been consistently upheld in this State, *State v. Prewitt,* 127 *N. J. Super.* 560 (App. Div. 1974) ; *State v. Horton,* 45 *N. J. Super.* 44 (App. Div. 1957) ; see *State v. Bono,* 128 *N. J. Super.* 254, 264 (App. Div. 1974). However, routine use of this kind of sentence as a sentencing mechanism is undesirable and should be avoided. *New Jersey Sentencing Manual for Judges* (1971, Supp. 1972) ; see *American Bar Association Standards, Sentencing Alternatives and Procedures* (approved 1968).

A sentence to the Youth Correctional Institution Complex under *N. J. S. A.* 30:4–147 contemplates rehabilitation as its primary purpose. The type of individual who can be sentenced to the Youth Complex is restricted. The facilities

562

provided, physical, educational and otherwise, aim at directing the energies and ambitions of the youthful offender into proper channels. *In re Zienowicz,* 12 *N. J. Super.* 563, 571 (Cty. Ct. 1951).

The statutory limitation, *N. J. S. A.* 30:4–148, 'that a sentence to the Youth Complex shall not fix or limit the duration of sentence, which may be terminated by the board of trustees in accordance with its rules and regulations formally adopted, offers an incentive to participate in the therapy offered, as release will depend on the individual having achieved a satisfactory degree of rehabilitation.

Since the basic purpose of the reformatory sentence is rehabilitation, consecutive indeterminate sentences should be the exception rather than the rule. As the Attorney General states in his *amicus* brief, in most cases such sentences are neither necessary nor desirable. However, under certain circumstances, the imposition of consecutive indeterminate sentences serves a valid penological purpose. It enables the sentencing judge to indicate on the record that while a sentence to State Prison carrying a minimum term of confinement is not appropriate, the particular commitment to the Youth Complex is not routine and the board of trustees should be alert to special circumstances as outlined by the sentencing judge which the board should take into consideration in exercising its statutory power to terminate the confinement. Also, where necessary and proper, it permits an increase in the maximum term for which a defendant can be held should he fail to respond to the institutional therapy, or should he violate his parole after release.

Of course, under *R.* 3:21–4(e), the judge, in stating the reasons for imposing sentence, if consecutive indeterminate sentences are imposed, should say why they are being made consecutive, and why concurrent sentences would not be appropriate. This statement is then set forth in the judgment of conviction. *R.* 3:21–5.

One thing should be made clear. Under no circumstances should the imposition of consecutive indeterminate

sentences be understood to require that a defendant serve additional time on the second sentence once the board of trustees determines that he has achieved a satisfactory degree of rehabilitation suitable for release.

Affirmed.

*For affirmance*—Chief Justice HUGHES, Justices JACOBS, MOUNTAIN, SULLIVAN, PASHMAN and CLIFFORD and Judge KOLOVSKY—7.

*For reversal*—None.