138 N.J. Super. 431 (1976)
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
HARRY WAYNE JACKSON, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Submitted December 16, 1975.
Decided January 16, 1976.
*433 Before Judges KOLOVSKY, BISCHOFF and BOTTER.
Mr. Stanley C. Van Ness, Public Defender, attorney for appellant (Mr. Allen L. Shulman, Assistant Deputy Public Defender, of counsel and on the brief).
Mr. William F. Hyland, Attorney General of New Jersey, attorney for respondent (Ms. Susan G. Rivkind, Deputy Attorney General, of counsel and on the brief).
PER CURIAM.
On this appeal defendant contends that he was denied the benefit of his plea bargain and that the sentence imposed is excessive. Defendant pleaded guilty to a charge of larceny from the person and a charge of aiding and abetting a larceny from the person. N.J.S.A. 2A:119-1 and N.J.S.A. 2A:85-14. The offenses were committed on April 30, 1974 and May 14, 1974. As consideration for the guilty pleas the prosecutor recommended that, if custodial sentences were imposed, they should be concurrent indeterminate terms at the Youth Correctional Institution Complex (Youth Complex).
Defendant was sentenced to two concurrent indeterminate terms at the Youth Complex. As authorized by N.J.S.A. 30:4-148, the trial judge fixed the maximum term of seven years for each sentence in place of the statutory five-year maximum. Defendant now contends that "an indeterminate sentence to Yardville" is commonly understood to refer to "an indeterminate term with the usual five year maximum." He contends that the reasonable expectation of defendants and their counsel should be fulfilled, and in this case defendant was denied substantial justice.
*434 N.J.S.A. 30:4-148 provides that the duration of a sentence to the Youth Complex shall not be fixed or limited by the sentencing judge, but the time served in confinement or on parole shall not exceed five years (or a lesser period where the crime carries a lower maximum), provided that "the court, in its discretion, for good cause shown, may impose a sentence greater than five [5] years, but in no case greater than the maximum provided by law * * *." Of course, "[t]he term may be terminated by the board of managers" at any time according to its own rules and regulations. Id. In fact, State v. Carroll, 66 N.J. 558, 562-563 (1975), directs that, even in the case of consecutive indeterminate sentences, an inmate cannot be made to serve "additional time on the second sentence once the board of trustees determines that he has achieved a satisfactory degree of rehabilitation suitable for release."
The terms of a plea agreement (or plea bargain, as it is commonly called) should be meticulously honored by a sentencing judge (Santobello v. New York, 404 U.S. 257, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971)), and a defendant should be accorded his "reasonable expectations." State v. Thomas, 61 N.J. 314, 322 (1972). However, we cannot say that this defendant's expectations were frustrated, looking at the record before us. When the plea was entered defendant acknowledged that he understood the offense carried a maximum potential sentence of seven years or $2,000 fine, or both.[1] Despite this reference to a maximum higher than five years, no mention was made by counsel or defendant at the time the guilty pleas were entered of their understanding or expectation that the five-year maximum on an indeterminate term would not be enlarged. More persuasive is the fact that, 18 days later, at the time of sentencing, neither defendant nor defense counsel protested that the sentence violated defendant's expectations. Accordingly, we conclude *435 that the sentence imposed conformed literally to the plea agreement and was not unauthorized or unjust.
As noted above, even in the exceptional case where consecutive indeterminate sentences are imposed, a defendant cannot be made to serve "additional time" if the board of managers determines that defendant is suitable for release. State v. Carroll, supra, 66 N.J. at 562-563. The imposition of an increased maximum serves to call attention to the view of the sentencing judge that the commitment is not "routine" and defendant can be confined or continued on parole for an additional period if in the board's judgment defendant has not made an appropriate adjustment. Id. at 562.
While an increased maximum may not result in a longer period of confinement, we are concerned that many defendants may not fully appreciate the potential sentence that may be imposed. A clear statement that the maximum sentence may exceed five years, if contemplated, should be expressed when the guilty plea is taken. To avoid the possibility of misunderstanding and to assure uniformity, we recommend that in the future the normal five-year maximum should presumptively apply unless the plea bargain placed on the record specifies that the five-year maximum may be exceeded.
We turn to defendant's claim that the sentences are excessive. The criminal episodes were described when the guilty pleas were entered. Defendant and his companions drove around in defendant's car on two separate occasions looking for a woman whose handbag they could seize. Defendant drove the car while his friend victimized one woman, and, on the second occasion, defendant and his cousin, a codefendant, accosted the victim and seized her handbag. The first theft yielded $40, which defendant shared. The second produced only $1.50. They used this money to buy cigarettes and threw the handbag in the street. Defendant admits that his victim may have fallen down from the force of his taking the handbag. (The victim, age *436 34, told the police that she was punched and knocked down by two assailants.) Although these were the first crimes for which defendant was arrested, the probation report indicates that defendant's attitude is disrespectful of authority and he expressed no remorse for his criminal conduct. Defendant was then 20 years of age.
In these circumstances the trial judge concluded that a custodial sentence was required. We cannot say that his judgment represents an abuse of discretion. Nor can we say that the sentence imposed is excessive in this case, especially in view of the flexible nature of an indeterminate sentence.
Affirmed.
NOTES
[1] Larceny from the person is a high misdemeanor and carries these standard maximum penalties. N.J.S.A. 2A:85-6.