Argued October 25, affirmed November 15, 1976

In the Matter of T., a Child
STATE ex rel BENTON COUNTY JUVENILE
DEPARTMENT, *Respondent,*

*v.*

T., a Child, *Appellant.*

(CA 6480)

556 P2d 146

*Ronald L. Marek,* Corvallis, argued the cause and filed the brief for appellant.

*W. Michael Gillette,* Solicitor General, Salem, argued the cause for respondent. With him on the brief was Lee Johnson, Attorney General, Salem.

Before Schwab, Chief Judge, and Fort and Lee, Judges.

**PER CURIAM.**

## PER CURIAM.

■ This 16-year-old boy was alleged in a two-count petition filed in the juvenile court to have committed two separate acts while acting together with a 14-year-old boy, each count alleging facts which if committed by an adult would constitute theft in the second degree. ORS 164.045, 419.476(1)(a). The two charges stemmed from two unrelated acts involving property of different victims committed approximately two weeks apart. The child denied the allegations of the petition. An adjudication hearing was held and at its conclusion the court found that the child had beyond a reasonable doubt committed the acts alleged. Thereafter he was committed to the Children's Services Division on each count for placement in the juvenile training school for a period not to exceed one year, the judgment on the second count to run consecutively to the first. He appeals, claiming the evidence did not support the judgment in several particulars. Our review is de novo. ORS 419.500(1).

■ Accordingly we have reviewed the testimony. We think it does indeed, as the trial court found, establish as to each count that the child beyond a reasonable doubt did commit the acts alleged. We can see no useful purpose here in detailing the testimony which was elicited from the victims of each theft or that of his 14-year-old companion who was involved with him in both of the offenses alleged. Four of the assignments of error are directed to alleged insufficiency of the evidence to support one or more of the material elements involved in one or both of the counts. There was ample evidence submitted to support each of the challenged items. There was no error.

■ The fifth assignment contends that the imposition of consecutive placements for separate offenses was improper. We disagree. ORS 419.507(2), 419.511(1) and (3).

Affirmed.