149 N.J. Super. 1 (1977)
372 A.2d 1345
STATE OF NEW JERSEY, IN THE INTEREST OF T.B., A JUVENILE.
Superior Court of New Jersey, Appellate Division.
Submitted February 7, 1977.
Decided March 1, 1977.
*3 Before Judges CARTON, KOLE and LARNER.
Mr. Stanley C. Van Ness, Public Defender, attorney for juvenile-appellant (Mr. Mark D. Sperber, Assistant Deputy Public Defender, of counsel and on the brief).
Mr. Joseph P. Lordi, Essex County Prosecutor, attorney for respondent State of New Jersey (Mr. R. Benjamin Cohen, Assistant Prosecutor, of counsel).
PER CURIAM.
T.B., a juvenile age 17, was adjudicated delinquent after a hearing. The trial judge determined, as charged in the complaint, that she committed what would be robbery (N.J.S.A. 2A:141-1) and the falsifying of police records (N.J.S.A. 2A:148-22.1) if she were an adult  that is, a person 18 years of age or older. N.J.S.A. 2A:4-43, 44. After such adjudication she pleaded guilty to two charges of delinquency which, if committed by an adult, would constitute the offense of shoplifting (N.J.S.A. 2A:170-97). At the same time, pursuant to the recommendation of the prosecutor, three other shoplifting delinquency complaints against the juvenile were dismissed. The court committed her to the Correctional Institution for Women at Clinton (Clinton) for an indeterminate term. She appeals.
*4 She claims that the judge erred in denying her "motion for dismissal," made at the end of the State's case, of the charges involving robbery and falsifying police records. See R. 5:9-9(a). That motion is similar to a motion for a judgment of acquittal in a criminal case.
We find no merit to this contention. At the end of the State's case there were sufficient proofs, under the standard applicable to the determination of a motion for judgment of acquittal, to justify the court's action. State v. Franklin, 52 N.J. 386 (1968); State v. Reyes, 50 N.J. 454 (1967).
It is further contended that the judge erred in failing to indicate how the dispositions or "sentences" were to run. Although the disposition order committing T.B. to Clinton refers to the docket number of the complaint involving the robbery and falsification of police records, it is evident from the disposition hearing that the trial judge also took into account, among other things, the shoplifting offenses to which the juvenile had pleaded guilty.
Under the amendments to the Juvenile Court Act, effective March 1, 1974 (L. 1973, c. 306), except with respect to a homicide offense, a juvenile who has been adjudicated delinquent may be committed to a suitable institution, such as a correctional institution or training school (both hereafter referred to as a "reformatory"), for an indeterminate term not to exceed three years. However, "in any case the period of confinement and parole shall not exceed the maximum provided by law for [the underlying] offense if committed by a person of the age of 18 years or over." N.J.S.A. 2A:4-61(h).
The amended act and the Juvenile Court rules contemplate that, similar to the sentencing procedure applicable to adult offenders, particularly where there is a commitment to an institution under N.J.S.A. 2A:4-61(h), there be a separate disposition as to each charge for which the juvenile has been adjudicated delinquent. Otherwise, the institution will not be aware of the maximum term applicable to a specific underlying offense if it is less than three years. *5 See R. 5:9-9; 5:9-10. In the context of the adult offender it has been said that an indeterminate sentence should not specify a maximum term for an offense even if it is less than the statutory maximum indeterminate sentence. State v. Lavender, 113 N.J. Super. 576, 581 (App. Div. 1971); In re Nicholson, 69 N.J. Super. 230 (App. Div. 1961). We think the same rule should apply to a juvenile delinquency disposition for an indeterminate term to a reformatory. However, in view of the novelty of the 1973 amendment, N.J.S.A. 2A:4-61(h), it may be desirable for the trial judge merely to indicate the lesser maximum, where applicable, to alert the institution to that fact. See State v. Prewitt, 127 N.J. Super. 560, 566 (App. Div. 1974).
We need not determine whether consecutive, rather than concurrent, indeterminate terms may be imposed with respect to juveniles whose delinquency is predicated on a number of violations of law.[1] The State concedes, and we agree, that the commitments to Clinton for each act of delinquency must be deemed to run concurrently. Where, as here, the order is silent, the dispositions will be construed as being concurrent. Cf. State v. Williams, 29 N.J. Super. 309, 313 (App. Div. 1954), cert. den. 348 U.S. 847, 75 S.Ct. 71, 99 L.Ed. 668 (1954).
*6 As in the case of adult offenders, if the offenses for which the juvenile has been adjudicated delinquent arise out of a single transaction, involve precisely the same conduct or are so interrelated as to constitute a single delinquent event, the judge may impose a single disposition covering all of the offenses by way of one indeterminate term to the reformatory. In that event, the reasons therefor should be stated in the order of disposition. Cf. State v. South, 136 N.J. Super. 402, 410 (App. Div. 1975), certif. den. 69 N.J. 387 (1976). See also State v. Mills, 51 N.J. 277, 289 (1968), certif. den. 393 U.S. 832, 89 S.Ct. 105, 21 L.Ed.2d 104 (1968).
As indicated, the fact that the trial judge did not follow the procedure we have outlined does not constitute reversible error, since the dispositions to Clinton on both delinquency offenses are considered to be concurrent.[2] Nevertheless, the offenses are not particularized and there does not appear to be any disposition with respect to the two charges of delinquency involving shoplifting. Shoplifting is a disorderly persons offense if committed by an adult, for which the maximum term is six months. N.J.S.A. 2A:170-98; 2A:169-4.[3] If the commitment to Clinton was intended also to cover both of these charges, the order of disposition should have expressly so provided. If some other sanction were intended with respect thereto  e.g., a suspended disposition (R. 5:9-9(b)(2)(A)) , that should have been stated. We *7 express no view as to the appropriate dispositions for these charges.
In view of the foregoing, we affirm the adjudications of juvenile delinquency. However, we reverse and remand the order of disposition to the court below so that it may hold a hearing with respect to the appropriate dispositions to be made and enter an order of disposition in accordance with the procedure set forth in this opinion.
NOTES
[1] Nevertheless, we do not consider it advisable generally for the Juvenile and Domestic Relations Court to impose consecutive indeterminate terms to the institutions for juveniles referred to in N.J.S.A. 2A:4-61(h). Such dispositions may be contrary to the rehabilitative purpose of the act, both before and after its amendment in 1973. Indeed, even a youthful adult offender should be given consecutive indeterminate terms to a reformatory only in exceptional cases. See N.J.S.A. 2A:4-42; 2A:4-61(h) (commitment to an "institution maintained for the rehabilitation of delinquents"); State v. Carroll, 66 N.J. 558 (1975); State in re Steenback, 34 N.J. 89, 99-101 (1961); In re Smigelski, 30 N.J. 513, 523-525 (1959); State in Interest of D.B.S., 137 N.J. Super. 371 (App. Div. 1975), certif. den. 70 N.J. 144 (1976). Compare State in Interest of K.V.N., 116 N.J. Super. 580 (App. Div. 1971), aff'd o.b. 60 N.J. 517 (1972).
[2] Robbery is a high misdemeanor with a maximum term of 15 years if committed by an adult. The falsification of police records is a misdemeanor with a maximum of three years for an adult offender. N.J.S.A. 2A:141-1; 2A:148-22.1; 2A:85-7.
[3] The adult commitment is to a county jail, workhouse or penitentiary. Absent a suitable institution maintained for the rehabilitation of delinquents by the county, any commitment of a juvenile delinquent for such offense usually would be to one of the appropriate State reformatories for an indeterminate term. The maximum term, of course, would be six months.