**The PEOPLE of the State of Colorado, Appellant, In the Interest of M.H., a Child,**

**And Concerning R.H. and J.H., Appellees.**

**No. 82SA284.**

Supreme Court of Colorado, En Banc.

April 18, 1983.

Robert R. Gallagher, Jr., Dist. Atty., Eighteenth Judicial Dist., Catherine DiSante, Deputy Dist. Atty., Littleton, for appellant.

Criswell, Patterson, McNamara, Myles & Bell, Collie Edgar Norman, Bradley P. Pollock, Englewood, for appellees.

ERICKSON, Justice.

This appeal was taken by the district attorney following the entry of an order dismissing without prejudice certain petitions for revocation of M.H.'s probation. We affirm the district court.

■ M.H. was adjudicated a juvenile delinquent on January 30, 1981. Following adjudication, the district attorney, in three different petitions, alleged that M.H. had committed crimes which required that his probation be revoked. Before the petitions were heard and while an investigation of the charges by the probation department was pending, the district attorney filed new delinquency petitions asserting that M.H. was a juvenile delinquent based upon the commission of the same acts which were charged in the three probation revocation proceedings. More than a year's delay occurred between the filing of one of the petitions for revocation of probation and the filing of new charges based upon the same criminal acts.

When the matter was presented to the district court, the court concluded that the child required mental health treatment and should not be required to defend both the petitions to revoke probation and the new juvenile delinquency petitions which were based on the same acts. Defense counsel sought an order requiring that the juvenile be placed in the Aurora Day Resource Center for treatment. Treatment was not available without a court order. Accordingly, an order was entered requiring participation and treatment in the Aurora mental health program as a condition for the continuation of probation. In our view, the court had authority to modify the terms and conditions of probation.[1] Thereafter, the court, in attempting to expedite determination of whether the juvenile committed the alleged criminal acts, ordered the prosecution to proceed on the newly filed delinquency petitions to prevent the juvenile from having to defend both a revocation petition and a delinquency petition at the same time. The district judge then advised the child of his rights under the newly filed delinquency petitions and ordered that the cases be set for pre-trial pursuant to C.R.J.P. 10, and dismissed without prejudice the petitions for revocation which were based on the same criminal episodes. The court's dismissal was predicated on the identical criminal charges being made in the petitions for revocation of probation and in the delinquency petitions. The district attorney appealed the dismissal of the petitions for revocation.

■ We have previously declared that in a criminal case when a petition to revoke probation is pending and new criminal charges are filed relating to the same transaction, the trial court may, in its discretion, determine whether it will first hear the revocation proceedings or the new criminal charges. *People v. Ray,* 192 Colo. 391, 560 P.2d 74 (1977); *People v. Carr,* 185 Colo. 293, 524 P.2d 301 (1974). In our view, the

---

1. *See* C.R.J.P. 11 and 12:
   Rule 11 provides:
   "(a) The court may modify the terms and conditions of probation at any time, without a hearing, except that, when a violation of the terms and conditions of probation is alleged or when the effect of a modification thereof may result in a change of legal custody, a hearing shall be held.
   "(b) The child, his parents, guardian, or other legal custodian shall be provided with a copy of any modification of the terms and conditions of probation."
   Rule 12 provides:
   "When a petition is filed alleging a child has violated the terms and conditions of his probation, the court may make a preliminary investigation and may dismiss the petition if it finds that the grounds alleged therein, if proven, would not affect the prior terms and conditions of probation as ordered by the court."

same rule should be followed in juvenile proceedings.

■ The Colorado Children's Code is to be liberally construed to serve the welfare of juveniles and the best interests of society. Section 19–1–102(2), C.R.S.1973 (1978 Repl.Vol. 8); C.R.J.P. 2; *J.T. v. District Court,* 651 P.2d 407 (Colo.1982). *See also People in Interest of C.B.,* 196 Colo. 362, 585 P.2d 281 (1978). The Code grants broad discretion to the juvenile court to effectuate those interests. *Jaramillo v. District Court,* 173 Colo. 459, 480 P.2d 841 (1971).

A dismissal without prejudice allows the action to be refiled at a later date. The district court order merely directed the district attorney to prosecute the delinquency petitions without delay. A trial court's order of dismissal without prejudice will not be overturned unless there is an abuse of discretion in granting the order. 5 *Moore's Federal Practice* ¶ 41.05[3] (2d ed. 1982); *American Cyanimid Co. v. McGhee,* 317 F.2d 295 (5th Cir.1963). There is ample evidence in the record to support the trial court's conclusion that the best interests of the child would be served by immediate mental health treatment and an early determination of the criminal charges alleged. In view of the broad discretion granted district courts to dispose of juvenile matters, we affirm the court's order of dismissal without prejudice.

DUBOFSKY, J., concurs in the result only.