**The PEOPLE of the State of Colorado, Plaintiff-Appellee,**

**In the Interest of S.A.E., a Minor Child, Respondent-Appellant.**

**No. 84CA1441.**

Colorado Court of Appeals, Div. IV.

May 8, 1986.

Rehearing Denied June 12, 1986.

Certiorari Denied (S.A.E.) Aug. 25, 1986.

Nolan L. Brown, Dist. Atty., Ann Goldfarb, Deputy Dist. Atty., Golden, for plaintiff-appellee.

David F. Vela, Colorado State Public Defender, Steven Gayle, Deputy State Public Defender, Denver, for respondent-appellant.

HODGES*, Justice.

The sole issue presented by this appeal is whether a juvenile court, upon a minor

---

* Sitting by assignment of the Chief Justice under provisions of the *Colo. Const.*, art. VI, Sec. 5(3), and § 24–51–607(5), C.R.S. (1982 Repl. Vol. 10).

child's second delinquency adjudication, may commit the child, age 15, to the department of institutions for a term consecutive to that imposed at the time of the first delinquency adjudication. We conclude that it can and that the consecutive commitment was not an abuse of discretion on the part of the juvenile court.

Following a delinquency adjudication based upon a robbery charge, the Boulder County District Court, acting in its capacity as juvenile court, committed S.A.E., a minor child, to the department of institutions for a period of two years. Thereafter, the Jefferson County District Court, acting in its capacity as juvenile court, having adjudicated S.A.E. a delinquent child on the basis of a second degree assault charge, committed him to the department of institutions for a term of two years to run consecutively to the commitment imposed by the Boulder court.

In this appeal, S.A.E. argues that the imposition of the consecutive commitment, rather than a commitment concurrent with the previous commitment, contravenes the purposes of the Colorado Children's Code, § 19–1–101, et seq., C.R.S. 1978 Repl. Vol. 8), and is therefore improper. We disagree.

■ The purposes of the Colorado Children's Code are (1) to secure care and guidance of the child, preferably in his own home, (2) to preserve and strengthen family ties and to improve the home environment, (3) to remove a child from the custody of his parents only when his welfare and the safety or the protection of the public would otherwise be endangered, and (4) to assist the child removed from the custody of his parents in becoming a responsible and productive member of society. Section 19–1–102(1), C.R.S. (1985 Cum.Supp.). To accomplish these purposes, the Children's Code should be liberally construed to promote the best interests and welfare of both the child and society. *People in Interest of M.H.*, 661 P.2d 1173 (Colo.1983). Broad discretion in disposing of juvenile matters is entrusted to a juvenile court to effectu-

ate these interests. *People in Interest of M.H., supra.*

Commitment to an institution under § 19–3–113, C.R.S. (1985 Cum.Supp.) upon an adjudication of delinquency cannot exceed two years except as provided in § 19–3–114(3), C.R.S. (1985 Cum.Supp.). Section 19–8–105(1), C.R.S. (1978 Repl. Vol. 8). The Children's Code is silent as to whether a commitment to the department of institutions may be made consecutive to a previous commitment imposed on the basis of a different delinquency adjudication.

■ Under the statutory Code of Criminal Procedure, § 16–1–101, et seq., C.R.S. (1978 Repl. Vol. 8), and the Colorado Criminal Code, § 18–1–101, et seq., C.R.S. (1978 Repl. Vol. 8), a trial court may impose consecutive sentences. When the imposition of consecutive sentences is not mandatory, *see, e.g.,* § 16–11–309, C.R.S. (1985 Cum.Supp.), consecutive sentencing lies within the sound discretion of the trial court to be determined upon consideration of the nature of the offenses, the prior record of the defendant, the probability of rehabilitation, the defendant's age, and the criminal justice goals of punishment, deterrence, and protection of society. *People v. Soper,* 628 P.2d 604 (Colo.1981).

■ Because the express purposes of the Code of Criminal Procedure, the Criminal Code, and the Children's Code all focus on the protection of society and rehabilitation of the offender, *see* §§ 16–1–103, 18–1–102, and 19–1–102, C.R.S. (1985 Cum.Supp.), we conclude that these purposes may be fostered by imposition of consecutive commitments. *Cf. People in Interest of D.S.,* 31 Colo.App. 300, 502 P.2d 95 (1972). *See also State in Interest of Winstead,* 385 So.2d 311 (La.App.1980); *State in Interest of T.B.,* 149 N.J.Super. 1, 372 A.2d 1345 (1977); *In re T.,* 27 Or.App. 407, 556 P.2d 146 (1976); *In re Schellong,* 94 Wash.2d 314, 616 P.2d 1233 (1980).

Here, the juvenile court, at the time of committing S.A.E. to the department of institutions, had an extensive pre-dispositional report which showed that S.A.E. had

been arrested on numerous occasions for various criminal infractions; that S.A.E. had been shuffled since 1979 between his father, who resided in California, his mother, a Colorado resident, and various residential treatment centers; that S.A.E.'s mother recently had refused to allow him to live with her; that diagnoses regarding S.A.E.'s mental health had ranged from paranoid schizophrenia to personality disorder; that S.A.E.'s behavior had been characterized by fits of anger, rage, and assault; and that S.A.E. admittedly had used many different illegal drugs. Because all previous interventions had failed to accomplish their purpose with respect to S.A.E., the report concluded that S.A.E. was likely to commit other crimes unless placed in a highly structured locked facility and recommended, as the most effective disposition for S.A.E., commitment to the department of institutions.

The juvenile court's imposition of a consecutive commitment to the department of institutions reflects a full consideration of the applicable purposes of the Children's Code sought to be accomplished in this case. It promotes S.A.E.'s best interests by providing him with a highly structured environment with correctional treatment for an extended and uninterrupted period of time. Moreover, because of the likelihood that S.A.E. would commit future crimes, the consecutive commitment also promotes the protection of the public. On the basis of the record before us, we conclude that the juvenile court's imposition of a consecutive commitment was not contrary to law nor an abuse of discretion. *See People in Interest of M.H., supra*; *People v. Soper, supra.*

Judgment affirmed.

ENOCH, C.J., and HODGES, J., concur.