**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R.1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3427-15T2

CORT WIZOREK,

    Plaintiff-Respondent,

v.

DANA FELMLEE, f/k/a WIZOREK,

    Defendant,

and

COOPER LEVENSON, P.A.,

    Defendant-Appellant.

_____

Submitted April 3, 2017 — Decided May 24, 2017

Before Judges Nugent and Currier.

On appeal from the Superior Court of New Jersey, Chancery Division, Family Part, Gloucester County, Docket No. FM-08-713-13.

Cooper Levenson, P.A., appellant pro se (Howard E. Drucks, on the brief).

Respondent has not filed a brief.

PER CURIAM

We consider the ruling of the trial court on equitable

considerations extinguishing appellant, Cooper Levenson, P.A.'s,

judgment lien in favor of a lis pendens asserted on marital property following the entry of a final judgment of divorce (FJOD). We affirm.

Appellant represented defendant Dana Felmlee in the matrimonial litigation with her husband, plaintiff Cort Wizorek. When the law firm was granted permission to withdraw from representation in February 2014, Felmlee owed the firm substantial fees.

The FJOD entered on May 7, 2014, allowed Felmlee to remain in the marital residence for three years, if she so chose, for the benefit of herself and the children. The pertinent clause stated:

> After three (3) years, [Felmlee] shall either refinance so as to remove [Wizorek's] name from the mortgage and pay [Wizorek] Forty-Five Thousand Dollars ($45,000.00) as his equity or the property must be listed and sold and at settlement [Felmlee] shall pay to [Wizorek] Forty-five Thousand Dollars ($45,000.00) plus interest from May 7, 2017 at judgment rates. [Felmlee] shall be responsible for the upkeep of the mortgage and taxes on the property which are to be paid up to date.

The FJOD also provided that Felmlee would "pay/reimburse" Wizorek $5000 in attorney's fees at the time of the sale or refinance of the marital home.

The following week, on May 15, Wizorek, through counsel, filed a notice of lis pendens that stated:

> TO WHOM IT MAY CONCERN:

> NOTICE IS HEREBY GIVEN of the commencement of suit in the Superior Court of New Jersey, Gloucester County Chancery Division, entitled as above under Docket Number FM-08-713-13 filed on April 11, 2013, the object of which is to obtain a judgment and other ancillary relief including, but not limited to, a lien on the property to secure a deferred equitable distribution payment of $50,000.00 to plaintiff by the defendant, affecting title to the premises more particularly described on "Schedule A" attached hereto and made a part hereof.

In January 2015, the Wizorek children were removed from Felmlee's care and placed into the custody of the Division of Child Protection and Permanency and foster care.

As a result of Felmlee's failure to pay her mortgage obligations, real estate taxes and other carrying charges for the marital home, Wizorek requested an order that the home be listed for sale. Although the application was denied without prejudice for Wizorek's failure to provide the outstanding mortgage balance and fair market value of the home in his certification, the court stated in its order of April 17, 2015 that Wizorek could refile for relief if Felmlee failed to bring the mortgage and related charges current by August. The order further stated: "Court finds that [Wizorek's] interest in the property is currently adequately protected as he has admittedly file[d] for and obtained a lis pendens." (alteration in original).

3

In December 2015, Wizorek presented an order to show cause requesting that Felmlee be required to sign the agreement of sale and list for sale the former marital property. At the oral argument on the application in January, Wizorek advised that the house had been listed for sale and a contract for sale had been executed. Settlement on the house was scheduled for late January 2016.

The January 25, 2016 order, entered pursuant to the order to show cause application, provided:

> Pursuant to paragraph 7 of the [FJOD] and the Lis Pendens filed on May 15, 2014, Judgment is hereby entered in favor of [Wizorek] and against [Felmlee] in the amount of Forty-Five Thousand ($45,000) Dollars. It is anticipated this Judgment will be satisfied by way of a check payable to Cort Wizorek at settlement on the sale of [the property].

The order also entered judgment for $5000 for Wizorek's matrimonial counsel pursuant to the FJOD and lis pendens to be satisfied out of the sale of the home.

At the settlement of the property on January 27, 2016, Wizorek and his counsel learned for the first time that appellant had obtained a judgment against Felmlee that had been filed as a lien against the property in December 2015. The judgment arose from a fee arbitration award granted to appellant for $31,789.75 against its former client Felmlee in March 2015. The law firm had not

noticed Wizorek or his counsel of the arbitration proceeding. The award was confirmed, and final judgment was entered against Felmlee on December 14, 2015. On December 29, the judgment was recorded as a lien on the marital premises.

At the settlement, the parties to the contract of sale and the title company realized that the equity remaining in the marital property was insufficient to satisfy Wizorek's claim from the FJOD and appellant's judgment lien. Wizorek brought the issue before the court in an order to show cause for a resolution of the competing claims.

At oral argument, Wizorek argued that the lis pendens referred to the FJOD, and was filed prior to appellant's lien. He also asserted that he did not have a judgment that could be docketed as of May 2014; under the FJOD he was not entitled to a judgment until the marital property was either refinanced or sold. Furthermore, appellant was on notice of Wizorek's prior claim under the recorded lis pendens.

Appellant responded that the lis pendens was improperly filed as it was only for a money judgment. As the law firm had docketed its judgment against the property prior to any recorded judgment of Wizorek, appellant's lien was valid.

The judge entered an order on February 3, 2016 extinguishing appellant's lien on the property. She found that the home was

part of a marital estate of which appellant was aware as it had represented Felmlee in the matrimonial litigation. She also concluded that Wizorek "could not preserve his judgment lien through a formal judgment in order to protect the children's right to live in the former marital home during a significant part of their juvenile years."

As a result of appellant's representation of the wife during the divorce, the law firm had "more [than] constructive notice of . . . Wizorek's interest and the reasons it could not be formalized into a docketed judgment in the traditional sense or reduced to a docketed judgment in the traditional sense." The judge also determined that Wizorek could have been served with appellant's application in the Superior Court action for a judgment following the arbitration decision. The title company was instructed to hold the pertinent funds in escrow pending the court's final consideration of the parties' arguments.

Further argument was entertained on March 4, 2016. Appellant reiterated its argument that a lis pendens was an improper filing — both procedurally and substantively. The firm contended that a lis pendens advises any prospective purchaser that there is going to be litigation in which a lien or an interest in the property is going to be adjudicated. Appellant asserted that here the issue had been resolved, there was no pending case and Wizorek was

only entitled to a money judgment. The firm also contended that it was not required under the court rules to notice Wizorek of its application for a judgment lien for counsel fees.

In her oral decision, the judge described Wizorek's equitable distribution claim regarding the marital property as "abstract," "conditional" and "contingent." She stated that it could not be categorized as a money judgment as it remained subject to post-judgment contingencies and was not subject to finality until at least three years after the entry of the FJOD.

The judge also found that the lis pendens gave notice, under these circumstances where there was anticipated post-judgment litigation, of the pending claim of Wizorek. The judge advised that appellant's judgment lien remained viable against Felmlee personally, but was extinguished as to the marital estate. She ordered the proceeds of the sale to be distributed according to the terms of the FJOD: $38,990.23 to Wizorek and $5000 to his counsel. This appeal followed.

We begin with a review of governing principles. We are required to accord deference to the Family Court's decisions because of the court's "special jurisdiction and expertise in family matters." Cesare v. Cesare, 154 N.J. 394, 413 (1998). However, we owe no special deference to the trial judge's "interpretation of the law and the legal consequences that flow

from established facts." Manalapan Realty, LP v. Twp. Comm. of Manalapan, 140 N.J. 366, 378 (1995). Accordingly, our consideration of this legal issue is de novo.

Appellant asserts in its appeal that the lis pendens filed by Wizorek was illegal and did not establish the priority of rights over the law firm's rights as the holder of a judgment lien.[1] Although we recognize that a lis pendens was not the proper vehicle in which to assert Wizorek's equitable distribution rights, we are satisfied that the equitable considerations detailed by the trial judge support her conclusion that appellant's lien was subordinate to Wizorek's claims under the circumstances presented in this matter.

Under N.J.S.A. 2A:15-6, a lis pendens is filed after the presentation of a complaint, "to enforce a lien upon real estate or to affect the title to real estate or a lien or encumbrance thereon." The statute also notes that "[n]o notice of lis pendens shall be filed under this article in an action to recover a judgment of money or damages only."

A lis pendens provides notice to a prospective purchaser of a currently pending claim that could impact the real property. Gen. Elec. Credit Corp. v. Winnebago of N.J., Inc., 149 N.J. Super.

---

[1] Wizorek did not file a brief in the appeal.

81, 85-86 (App. Div. 1977) (citations omitted). Appellant argues that the filing of a lis pendens was procedurally incorrect as there was no pending lawsuit regarding the marital property at the time of the filing. The firm also contends that Wizorek held a money judgment he could have recorded following the entry of the FJOD.

We agree there was no lawsuit pending at the time Wizorek filed his lien and recognize that the filing of the lis pendens may have been procedurally incorrect. Nevertheless, we are satisfied that the principle underpinning the filing of the lien — notice to all the world of a claim upon the property — serves to prioritize Wizorek's claim to the limited funds from the sale of the marital property.

Appellant represented Felmlee in the divorce proceedings. Although counsel withdrew from the representation three months prior to the entry of the FJOD, there is no dispute that the firm was familiar with the issues in the matrimonial litigation, including any assets subject to equitable distribution. During oral argument of the order to show cause application, appellant advised it had withdrawn after it had appeared at the early settlement program. It is certain that the law firm was familiar with any assets subject to equitable distribution, and therefore, cognizant of Wizorek's claim to the marital estate.

One week after the FJOD was entered, Wizorek filed the lis pendens. Even if the lien was not the proper vehicle in which to assert his claim, the filing was further notice to appellant of Wizorek's interest in the marital property.

Wizorek asserted to the trial judge that he had received assurances regarding his marital property interest in a post-judgment application in which he had requested a court order for the sale of the residence. The April 17, 2015 order addressing the motion stated: "[The] Court finds that [Wizorek's] interest in the property is currently adequately protected as he has admittedly file[d] for and obtained a lis pendens."

A year after the FJOD and lis pendens filing, appellant proceeded to fee arbitration and was awarded the unpaid fees due from Felmlee. In October 2015 appellant moved in the Superior Court to confirm the arbitration award. Final judgment was entered on December 14; appellant recorded the judgment as a lien on December 29, 2015. Neither Wizorek nor his counsel were notified of any of these proceedings.

Appellant argues that it did everything "it was required to do under law to ensure the efficacy of its lien." The trial judge did not disagree. The firm is entitled to its judgment against its former client, and that right remains unscathed by the trial court's order. We are constrained, however, under the discrete

circumstances of this matter to also agree with the judge's findings that the equities lie with Wizorek and those equities must prevail.[2]

"The Family Part is a court of equity." <u>Randazzo v. Randazzo</u>, 184 <u>N.J.</u> 101, 113 (2005); <u>see also</u> <u>Carr v. Carr</u>, 120 <u>N.J.</u> 336, 351 (1990)(noting that "[t]he Legislature has recognized that courts' equitable powers are particularly appropriate in the context of domestic relations"). A "court [of equity] must exercise its inherent equitable jurisdiction and decide the case based upon equitable considerations." <u>Kingsdorf ex rel. Kingsdorf v. Kingsdorf</u>, 351 <u>N.J. Super.</u> 144, 157 (App. Div. 2002).

There is no question that Wizorek asserted his rights to the marital estate before the law firm obtained and recorded its judgment. As discussed <u>supra</u>, appellant was aware of Wizorek's interest in the equitable distribution of the marital property even before the entry of the FJOD. Although improperly filed, the lis pendens nevertheless served as additional notice to all who might have an interest in the marital property that Wizorek had a prior claim on it. The equities cannot countenance a disregard of the factual events and preclude Wizorek his equitable

---

[2] In light of our determination, we find it unnecessary to resolve the issue of whether Wizorek had a judgment amenable to recordation following the FJOD.

distribution interest despite appellant having proceeded properly under the law. "Equities arise and stem from facts which call for relief from the strict legal effects of given situations." Carr, supra, 120 N.J. at 351 (quoting Untermann v. Untermann, 19 N.J. 507, 518 (1955)).

The doctrine of lis pendens prevents the obstruction of the administration of justice and the derogation of one's potential rights to property. "Filing a notice of lis pendens serves as constructive notice to the world that an action involving real property is pending, so that any subsequent purchaser or lienor of that property will take subject of the litigation." Di Iorio v. Di Iorio, 254 N.J. Super. 172, 190 (Ch. Div. 1991) (citation omitted). We are satisfied that appellant's notice of Wizorek's asserted interest in the marital property prioritized Wizorek's claim over that of the firm's judgment and that the trial court properly extinguished appellant's lien on the property.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3427-15T2