# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2799-19

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

FELIX RESTITULLO,

     Defendant-Appellant.

_____

Submitted November 4, 2021 – Decided January 14, 2022

Before Judges Hoffman and Susswein.

On appeal from the Superior Court of New Jersey, Law Division, Hudson County, Indictment No. 14-10-1616.

Joseph E. Krakora, Public Defender, attorney for appellant (Ruth E. Hunter, Designated Counsel, on the brief).

Esther Suarez, Hudson County Prosecutor, attorney for respondent (Erin M. Campbell, Assistant Prosecutor, on the brief).

PER CURIAM

Defendant Felix Restitullo appeals from a February 3, 2020 order issued by Judge Patrick Arre transferring him to the custody of the United States Bureau of Prisons to serve his forty-year sentence on his federal convictions for production and possession of child pornography. Defendant contends that he did not consent to the transfer from the State facility at which he is presently incarcerated, the New Jersey Adult Diagnostic and Treatment Center (ADTC) (also known as "Avenel"). He also contends that the transfer will deprive him of the sex offender treatment he claims was promised as part of his guilty plea to aggravated sexual assault, N.J.S.A. 2C:14-2(a). We reject these contentions and affirm the transfer order substantially for the reasons explained in Judge Arre's oral decision on the record and his written opinion accompanying the order.

I.

We briefly summarize the facts and procedural history relevant to this appeal. In 2014, defendant's niece mentioned to a friend that he had sex with her when she was seven years old. The friend reported it to the school nurse and principal. During an interview, the niece stated that defendant touched her sexually and also touched another child who was six years old at the time. One of the victims revealed that defendant "would take pictures of her butt with his

silver camera which he gets from his bedroom closet and he sends it to his friends."

Defendant was arrested in early 2014. A search of his home revealed a collection of child pornography hidden in his bedroom, including multiple images of defendant sexually abusing his niece. On October 8, 2014, a grand jury charged defendant with two counts of second-degree sexual assault, N.J.S.A. 2C:14-2(b); two counts of third-degree endangering the welfare of a child, N.J.S.A. 2C:24-4(a); fourth-degree child abuse/neglect, N.J.S.A. 9:6-1 and 9:6-3; and first-degree aggravated sexual assault, N.J.S.A. 2C:14-2(a). Defendant was in custody while awaiting the disposition of the State charges.

On July 23, 2015, federal prosecutors filed a complaint charging defendant with production and possession of child pornography. A writ of habeas corpus ad prosequendum dated July 27, 2015, transferred defendant to federal custody so that he could appear in federal court for his initial appearance on July 30, 2015. During that hearing, defendant consented to being remanded into federal custody, which allowed him to receive credit for time served against any potential federal sentence.

A-2799-19

Defendant was tried in federal court and found guilty of both child pornography charges. On September 8, 2017, he was sentenced to federal prison for a term of 480 months (forty years).

Defendant was eventually transferred back to State custody to resolve his State charges. On October 20, 2017, defendant pled guilty to first-degree aggravated sexual assault pursuant to a negotiated agreement. The plea form specified that the prosecutor would recommend a ten-year prison term, subject to the No Early Release Act (NERA), N.J.S.A. 2C:43-7.2, which would run concurrent with the federal sentence. The plea form also expressly provided for "[the] sentence to be served in Federal Prison." During the plea hearing, the judge told defendant that he would "be subject to . . . [an] Avenel evaluation . . . ."

On February 16, 2018, defendant was sentenced in accordance with the plea agreement. On May 21, 2019, the prosecutor filed a motion for an order transferring defendant to federal custody. Judge Arre convened hearings on the motion on December 2, 2019, and January 16, 2020. On February 3, 2020, the judge rendered an oral decision on the record granting the State's motion. Judge Arre also issued a written opinion accompanying the order.

Defendant filed a notice of appeal on March 16, 2020. Initially, the matter was scheduled to be heard on a sentencing oral argument (SOA) calendar. On January 20, 2021, defendant's appellate counsel requested the matter be transferred from the SOA calendar to the plenary calendar.

Defendant raises the following contentions for our consideration:

POINT I

THE TRIAL COURT ERRED IN GRANTING THE STATE'S MOTION TO TRANSFER DEFENDANT TO FEDERAL CUSTODY TO SERVE HIS STATE SENTENCE BECAUSE, PRIOR TO SENTENCING, DEFENDANT HAD ONLY BEEN PLACED IN TEMPORARY FEDERAL CUSTODY PURSUANT TO A WRIT OF HABEAS CORPUS AD PROSEQUENDUM, AND THEREFORE, NEW JERSEY DID NOT RELINQUISH PRIMARY JURISDICTION. ADDITIONALLY, THE COURT'S FINDING THAT DEFENDANT CONSENTED TO TRANSFER HIS PLACE OF PRIMARY CUSTODY TO FEDERAL PRISON IS NOT SUPPORTED BY SUFFICIENT CREDIBLE EVIDENCE IN THE RECORD.

POINT II

THE TRIAL COURT'S ORDER SHOULD ALSO BE REVERSED BECAUSE IT DEPRIVED DEFENDANT OF THE SEX OFFENDER TREATMENT HE WAS PROMISED AS A RESULT OF HIS PLEA.

5

## II.

We first address defendant's contention that a transfer to federal prison would be invalid because he did not give his consent. That contention lacks sufficient merit to warrant extensive discussion. See R. 2:11-3(e)(2). Defendant cites no authority for the proposition that State officials require an inmate's consent to transfer him or her to a federal prison to serve a federal sentence. Defendant relies on the fact that in 2015, while awaiting disposition of both the State and federal charges, he appeared before a federal Magistrate and consented to being remanded to federal custody. Defendant conflates the process of essentially extraditing a presumptively-innocent person to another jurisdiction with the process of transferring an inmate convicted of both State and federal crimes from a State correctional facility to a federal penitentiary. The concept of consent implies a waiver of an acknowledged right. We believe that in the circumstances of this case, defendant has no right to decide where he serves his imprisonment, especially since his plea agreement expressly and unambiguously provides that he is to serve his concurrent sentences in federal prison.

That brings us to defendant's contention that the transfer would violate the terms of his plea agreement. That argument is belied by the record. We acknowledge that a plea agreement can only be an "effective instrument for

6

criminal justice" if it is "meticulously honored by a sentencing judge" and accords the defendant his or her reasonable expectations. State v. Marzolf, 79 N.J. 167, 183 (1979) (quoting State v. Jackson, 138 N.J. Super. 431, 434 (App. Div. 1976)) (internal citations omitted). Accordingly, "[w]here the accused's reasonable expectations are defeated, the plea bargain has failed one of its essential purposes, fairness . . . . " Id. at 183; see also State v. Kovach, 91 N.J. 476, 483 (1982) (explaining that "the terms of a plea agreement must be followed scrupulously . . . and . . . a defendant's reasonable expectations must be fulfilled . . . ."). As our Supreme Court stressed in Marzolf, "[t]here is a difference, however, between expectations reasonably grounded in terms of the plea bargain and wishful thinking." 79 N.J. at 183.

As Judge Arre aptly noted, defendant's argument ignores the critical fact that his plea agreement specifically provided for his custodial sentence to be served in federal prison. Question thirteen on the plea form reads:

> Specify any sentence the prosecutor has agreed to recommend:
> 10 years (NERA)/sentence to run concurrent w/Federal sentence.
> Time served since date of arrest.
> Sentence to be served in Federal Prison.
> Megan's Law/PSL/Avenel/NLRO

The record thus shows that defendant, when pleading guilty, understood and agreed that his State sentence would be served in federal prison. Ironically,

defendant relies on cases that guarantee that plea agreements are effectuated in accordance with their terms, while asking us to disregard a clear term of his own plea agreement.

We also reject defendant's contention that the transfer to a federal prison is foreclosed because it would "deprive[] defendant of the sex offender treatment he was promised as a result of his plea." In support of that contention, defendant claims that sex offender treatment at Avenel was "one of the plea conditions." The record belies that assertion as well. The plea form refers to "Avenel," but does not specify whether this means admission to Avenel or an Avenel evaluation. During the plea hearing, moreover, the judge told defendant that "you'll be subject to . . . [an] Avenel evaluation . . . ." At no point did the judge or prosecutor promise defendant treatment at Avenel.

The record shows that defendant underwent an examination to first determine whether he is clinically eligible for sentencing pursuant to the New Jersey Sex Offender Act, N.J.S.A. 2C:47-1 to -10 on January 11 and 17, 2018. His guilty plea was entered on October 20, 2017, well before the clinical evaluation. In these circumstances, defendant cannot show either that he was promised sex offender treatment at Avenel or that it would be an objectively reasonable expectation that he would receive such treatment.

A-2799-19

We add that the Avenel psychologist's written recommendation confirms that defendant knew that he would serve his sentence in federal prison.[1] We thus conclude, as did the trial court, that defendant's expectation under the plea agreement was that he would serve his sentence in federal prison, not at Avenel. As we have noted, although defendant's argument is couched in terms of effectuating his plea agreement, the relief he requests actually would frustrate rather than advance the clearly-expressed terms of that plea agreement.

Finally, we note in the interests of completeness that defendant's ten-year NERA State sentence will end long before the concurrent federal sentence runs its course. Indeed, defendant acknowledges in his appeals brief that, as of the time that brief was submitted, he only has about fourteen months remaining on his New Jersey sentence. His transfer to federal prison is thus inevitable. It will be for federal correctional officials to decide what treatment, if any, he receives. In any event, we are satisfied that with or without any rehabilitative benefits from sex offender treatment, defendant's forty-year federal sentence will ensure

---

[1] The evaluation states, "[Defendant] state[d] that he expects to serve his sentence in a federal prison . . . ." We also note that the psychologist's recommendation that defendant was clinically eligible for sex offender treatment at Avenel was conditional, noting: "[i]f [defendant] is to be incarcerated in New Jersey, treatment at the Adult Diagnostic and Treatment Center [Avenel] is the most appropriate replacement."

A-2799-19

that he is incapacitated from repeating his crimes involving children and that he will not sexually abuse or exploit children for a long time to come.

We appreciate that defendant would prefer to remain at Avenel until his State sentence expires. But that is not his decision to make. Nor is it ours. In the final analysis, his transfer to federal prison is not precluded by the terms of his plea agreement. To the contrary, that transfer is in complete accordance with the plea agreement he negotiated and accepted.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-2799-19