Robert ELLSWORTH, Petitioner,

v.

The PEOPLE of the State of Colorado, Respondent.

No. 98SC459.

Supreme Court of Colorado, En Banc.

Nov. 1, 1999.

Bruno, Bruno & Colin, P.C., Marc F. Colin, Douglas Jewell, R. Stephen Hall, Denver, Colorado, Attorneys for Petitioner.

Edward J. Rodgers, District Attorney Eleventh Judicial District, Jeffrey D. Lindsey, Deputy District Attorney, Canon City, Colorado, Attorneys for Respondent.

Justice RICE delivered the Opinion of the Court.

We granted certiorari in order to review the district court's order reversing the county court's grant of Petitioner's motion to withdraw his plea. Petitioner argues that the district court was without jurisdiction to hear the appeal brought by the prosecution from the county court order after the district court had previously vacated Petitioner's sentence. As we find that no final judgment existed at the time of the appeal to district court, we agree that the district court lacked jurisdiction to hear the prosecution's appeal. As such, we reverse the district court's order reinstating Petitioner's plea and remand for further proceedings consistent with this opinion.

## I. FACTS

On May 20, 1996, the Chaffee County District Attorney charged Robert Ellsworth, a correctional officer at Buena Vista Correctional Facility, with Sexual Assault in the Third Degree, Assault in the Third Degree, and Official Oppression. After plea negotiations, Ellsworth entered a *nolo contendere* plea on May 20, 1997, to the Official Oppression charge, a class 2 misdemeanor. The

county court accepted the plea, ordered a pre-sentence report, and set a sentencing hearing for June 25, 1997. At the sentencing hearing, the county court sentenced Ellsworth to six months in jail.[1]

On July 11, 1997, Ellsworth filed a Crim. P. 35(b) Motion for Reduction of Sentence. The county court denied the motion without a hearing. Ellsworth subsequently filed a Motion to Withdraw Plea on July 31, 1997. Before the hearing on this motion, Ellsworth substituted new counsel to represent him. The county court denied Ellsworth's motion to withdraw his plea on September 2, 1997. On September 25, 1997, Ellsworth filed a Notice of Appeal to the Chaffee County District Court. At this time, Ellsworth discovered that a transcript of the sentencing hearing of June 25, 1997, did not exist and could not be provided to the district court for consideration of Ellsworth's appeal. Due to the unavailability of the sentencing transcript, Ellsworth filed a Motion for Trial *De Novo* pursuant to Crim. P. 37(g). By order dated November 13, 1997, the district court denied Ellsworth's Motion for Trial *De Novo* but vacated the sentence previously imposed by the county court due to the absence of a sentencing hearing transcript. The district court remanded the case to the county court for resentencing.

Ellsworth filed a new Motion to Withdraw Plea pursuant to Crim. P. 32(d) on the grounds of ineffective assistance of his first counsel. At the sentencing hearing on December 9, 1997, the county court granted this motion and allowed Ellsworth to withdraw his plea of *nolo contendere*. The county court set the case for trial on March 4, 1998.

On December 23, 1997, the Chaffee County District Attorney filed a Notice of Appeal in the county court, appealing the December 9, 1997 county court order granting the motion to withdraw the plea (the subject appeal). The district attorney based jurisdiction for this appeal on section 16–12–102(1), 6 C.R.S. (1999), and Crim. P. 37. Ellsworth filed a written objection to the district court's consideration of this appeal on the basis that the district court lacked jurisdiction to hear the appeal. By order dated February 11, 1998, the district court denied Ellsworth's objection, finding that judgment had entered when sentence was imposed, and allowed the appeal to proceed.

The appeal proceeded and Ellsworth again disputed the district court's jurisdiction in his answer brief filed March 27, 1998. On June 16, 1998, the district court reversed the county court's order granting Ellsworth's motion to withdraw his plea and remanded the case to the county court for resentencing in accordance with the original *nolo contendere* plea. Pursuant to section 13–6–310(4), 5 C.R.S. (1999),[2] and C.A.R. 49,[3] we granted Ellsworth's petition for a writ of certiorari to the district court.

## II. ANALYSIS

■ Petitioner argues that the district court lacked jurisdiction to hear the December 23, 1997 appeal by the district attorney. The district attorney based this appeal on section 16–12–102(1), 6 C.R.S. (1999), and Crim. P. 37.[4] Petitioner contends that a prerequisite to district court jurisdiction on this basis is the existence of a "final judgment," which was absent in this case due to the district court's previous order vacating

---

1. Due to a tape recorder malfunction, no transcript existed of the June 25, 1997 sentencing hearing. This fact was not discovered until September 25, 1997.

2. This section provides, "Further appeal to the supreme court from a determination of the district court in a matter appealed to such court from the county court may be made only upon writ of certiorari ... pursuant to such rules as that court may promulgate."

3. C.A.R. 49 provides that review in the supreme court on a writ of certiorari is a matter of "sound judicial discretion."

4. We note that the prosecution's appeal was not, and could not have been, characterized as an interlocutory appeal pursuant to Crim. P. 37.1. Rule 37.1 allows the prosecuting attorney to appeal a ruling of the county court granting a motion for "return of property and to suppress evidence or granting a motion to ... suppress an extra-judicial confession or admission." As is indicated by this language, an interlocutory appeal pursuant to Crim. P. 37.1 is prescribed only for appeals of certain county court orders, none of which include the prosecution's appeal in the instant case.

the sentence imposed by the county court. We agree.

■ Our first task in determining the district court's appellate jurisdiction is to examine the language of section 16–12–102(1) and Crim. P. 37. Section 16–12–102(1) allows the prosecution to appeal "any decision of the trial court in a criminal case upon any question of law." This section further provides, "The procedure to be followed in filing and prosecuting appeals under this section shall be as provided by applicable rule of the supreme court of Colorado." Colorado Appellate Rule 1 allows appeals only from a "final judgment" of a court. As such, before jurisdiction may be exercised pursuant to this section, there must be a final "judgment." *Accord People v. Romero*, 801 P.2d 1192, 1193 (Colo.1990).

Rule 37 of our Criminal Rules of Procedure specifies the procedures to be used for appeals from county court. This rule allows the district attorney to appeal a question of law to the district court of the county. The rule mandates that "the appellant shall, within thirty days after the date of *entry of the judgment* or the denial of posttrial motions . . . file notice of appeal in the county court." (Emphasis added.) The language of this rule clearly presupposes the existence of a "judgment" before an appeal may be taken from county court.

Having determined that the language of these statutes requires a "judgment" before a district court may exercise its appellate jurisdiction, our next task is to determine the meaning of the term "judgment" as used in these statutes. Rule 32(c) of our Criminal Rules of Procedure provides, "A judgment of conviction shall consist of a recital of the plea, the verdict or findings, *the sentence*, the finding of the amount of presentence confine-

ment, and costs, if any are assessed against the defendant." (Emphasis added.) This rule makes it clear that the sentence is an essential component of a "judgment."

Our prior cases are consistent with this interpretation of our statutes and Rules. In *Hellman v. Rhodes* we considered the question of when "entry of the judgment" had occurred to trigger the running of the thirty-day time limit to file a notice of appeal under Crim. P. 37(a). 741 P.2d 1258 (Colo.1987). In concluding that the defendant's appeal was timely, we stated, "*Until sentence is imposed* there can be no final judgment, Crim. P. 32(c), and until final judgment is entered, there can be no appeal by a defendant, Crim. P. 37(a)." *Id.* at 1260 (emphasis added). In *People v. Gallegos* we considered whether the prosecution's aborted appeal of the trial court's partial dismissal of a multi-count information was interlocutory in nature for purposes of tolling the speedy trial statute, section 18–1–405(6)(b). 946 P.2d 946 (Colo.1997).[5] In reaching the conclusion that the appeal was interlocutory, resulting in the tolling of the speedy trial statute, we stated, "A final judgment in a criminal case does not come until the defendant is acquitted, the charges are dismissed in their entirety, or the defendant is convicted *and sentence is imposed.*" *Id.* at 950 (emphasis added) (citing *Hellman*).[6]

■ In the case at bar, the district court vacated Petitioner's sentence on November 13, 1997. The county court subsequently granted Petitioner's motion to withdraw his plea and set the matter for trial. The county court never resentenced Petitioner. As such, at the time of the prosecution's December 23, 1997 appeal, no final judgment had been entered in Petitioner's case. Before a dis-

---

**5.** We note that the legislature amended section 16–12–102(1) subsequent to the *Gallegos* decision by adding language making the statute consistent with our prior cases allowing the prosecution to appeal an order dismissing particular charges of a multi-count information. *See* Ch. 251, sec. 9, § 16–12–102(1), 1998 Colo. Sess. Laws 948; *People v. Jefferson*, 748 P.2d 1223, 1224–25 (Colo. 1988) (discussing this court's recognition of prosecution's right to appeal partial dispositions of multi-count informations pursuant to § 16–12–102(1)); *People v. Pedrie*, 727 P.2d 859 (Colo.

1986) (allowing appeal of trial court's dismissal of some counts of multi-count information); *People v. Williams*, 628 P.2d 1011 (Colo.1981) (same). The instant case does not involve an appeal of an order dismissing one or more charges of a multi-count information.

**6.** Our court of appeals has also held that an order denying a motion to withdraw a plea is not an appealable order as required by C.A.R. 1. *See People v. Anderson*, 703 P.2d 650, 652 (Colo.App. 1985).

trict court may exercise appellate jurisdiction from a county court ruling pursuant to Crim. P. 37, there must be a final judgment. Accordingly, we hold that the district court had no jurisdictional basis upon which to consider the appeal of the county court's order granting Petitioner's motion to withdraw his plea.

### III. CONCLUSION

The county court's order of December 9, 1997, was not an appealable order, rendering the district court without jurisdiction to hear the appeal. As such, we reverse the district court's June 16, 1998 order reinstating Petitioner's plea. We remand this case to the district court with instructions to return this case to the county court for trial in accordance with the county court's order of December 9, 1997.