Bert LEWIS, Petitioner

v.

The PEOPLE of the State of
Colorado, Respondent.

No. 08SC161.

Supreme Court of Colorado.

June 29, 2009.

Rehearing Denied Aug. 17, 2009.

Douglas K. Wilson, Colorado State Public Defender, Sarah A. Burtis, Deputy State Public Defender, Denver, Colorado Attorneys for Petitioner.

Rodney D. Fouracre, District Attorney, James S. Whitmire, Deputy District Attorney, La Junta, Colorado, Attorneys for Respondent.

PER CURIAM.

In April 2003, defendant Bert Lewis pleaded guilty to possession of a controlled substance, schedule II, and was sentenced to three years supervised probation. In October 2003, Lewis was stopped by Kansas law enforcement and found in possession of methamphetamine. In mid–2004, Colorado filed a probation complaint based on this conduct and other allegations. The district court did not admit evidence of the Kansas incident, but found Lewis in violation of probation based on the other allegations. Subsequently, the district court took Lewis's Kansas conduct into account when re-sentencing him to Intensive Supervised Probation ("ISP").

In 2005, Lewis pleaded guilty to his Kansas conduct, and later that year Colorado filed a revocation complaint based on that conviction. Lewis moved to dismiss the new complaint, arguing issue preclusion, claim preclusion, double jeopardy, and that the Kansas incident from 2003 could not be used to violate his 2004 ISP sentence. The district court dismissed the complaint, finding it barred by issue preclusion and claim preclusion.

The prosecutor appealed the district court's order, and the court of appeals reversed. In a published decision, the panel held claim and issue preclusion apply in probation proceedings, but the complaint here is not precluded because it meets an exception to issue preclusion and does not meet all the elements of claim preclusion; double jeopardy is not applicable to probation proceedings; and the timing of the complaint is not inappropriate because Lewis was convicted of the Kansas offense after he was placed on ISP. As a result, the court of appeals remanded to the district court to reinstate the complaint. Lewis petitioned this court to review the court of appeals' decision on the applicability of issue and claim preclusion.

Subsequent to oral arguments in this case, we decided *People v. Guatney*, 214 P.3d 1049, 2009 WL 2096215, No. 08SC20 (Colo.2009). In that case, we held that a trial court order declining to revoke probation is not a final judgment within the meaning of C.A.R. 1, and thus is not appealable by the state. For

purposes of determining whether an order is final and appealable, we see no appreciable difference between an order dismissing a petition to revoke probation and an order declining to revoke probation. As a consequence, the district court's order dismissing Lewis's second probation revocation complaint was not a final judgment and not appealable by the state. Therefore, we vacate the court of appeals' opinion and remand the case to the court of appeals with direction to dismiss the appeal.