The PEOPLE of the State of
Colorado, Petitioner

v.

Leroy GUATNEY, Respondent.

No. 08SC20.

Supreme Court of Colorado,
En Banc.

June 29, 2009.

Rehearing Denied Aug. 17, 2009.*

Springer and Steinberg, P.C., Harvey Steinberg, Michael P. Zwiebel, Denver, Colorado, Attorneys for Petitioner.

Carol Chambers, District Attorney, 18th Judicial District, Andrew Cooper, Senior Deputy District Attorney, Centennial, Colorado, Attorneys for Respondent.

* Justice Eid would grant the Petition.

Justice COATS delivered the Opinion of the Court.

The People petitioned for review of the judgment of the court of appeals approving a legal ruling of the district court. *See People v. Guatney*, 183 P.3d 620 (Colo.App.2007). In its order declining to revoke Guatney's sex offender intensive supervision probation, the district court reasoned that it would violate a convicted sex offender's constitutional privilege against self-incrimination to revoke his probation simply for refusing, during the pendency of his direct appeal, to comply with a treatment requirement to discuss his sex offenses. Following the court's order, the district attorney filed his notice of appeal in the court of appeals "upon a question of law," pursuant to section 16–12–102(1) of the revised statutes.

Because an order declining to revoke probation is not a final judgment within the meaning of C.A.R. 1, the court of appeals lacked jurisdiction to entertain the prosecutor's appeal. The judgment of the court of appeals is therefore vacated with directions to dismiss the People's appeal.

## I.

Leroy Guatney was convicted of sexual assault on a child and attempted sexual assault on a child, as well as indecent exposure. He was sentenced to sex offender intensive supervision probation for a period of ten years to life and appealed both his convictions and sentence.

During the pendency of his direct appeal, Guatney's probation officer filed a complaint alleging a violation of the conditions of his intensive supervision probation. More specifically, the complaint alleged that he had been terminated from a treatment program, the successful completion of which was a required condition of his probation, for the reason that he refused to discuss the sex offenses of which he had been convicted or admit to any sexually assaultive behavior. Guatney defended on the grounds that revoking his probation would impermissibly punish

him for exercising his constitutional privilege against self-incrimination. He asserted that if he were to succeed on appeal, any admissions would not only be admissible at his new trial but would also subject him to prosecution for committing perjury at his first trial.

The district court declined to revoke Guatney's intensive supervision probation, finding that he legitimately exercised his Fifth Amendment privilege and that the exercise of a constitutional right would not be a proper basis for revoking his probation. Instead, it continued the probation but stayed, until the resolution of his direct appeal, the statutory requirement that sex offenders participate in and successfully complete sex offender treatment. The People separately appealed the court's order "upon a question of law," pursuant to section 16–12–102(1), C.R.S. (2008).

The court of appeals approved the district court's ruling, and we granted the People's petition for a writ of certiorari.[1] After briefing and oral argument, we ordered further briefing on the question whether a court order declining to revoke probation is a final and appealable order.

## II.

◼ Although every jurisdiction in this country appears to allow prosecution appeals from at least a limited class of orders in criminal cases, *see generally* Wayne R. LaFave et al., Criminal Procedure § 27.3(c) (3d ed.2007), prosecutors in this jurisdiction are statutorily granted an uncommonly broad authority to appeal "any decision of a court in a criminal case upon a question of law." § 16–12–102, C.R.S. (2008). Because the procedure to be followed in filing and prosecuting appeals pursuant to this provision is "as provided by applicable rule of the supreme court," however, prosecution appeals, like appeals by other parties, are subject to the final judgment requirement of C.A.R. 1. *See Ellsworth v. People*, 987 P.2d 264, 266 (Colo.

---

1. During the pendency of the People's appeal, Guatney's convictions and sentence were upheld on direct appeal, and the district court lifted its stay on the sex offender treatment condition of

his probation. His probation was subsequently revoked for refusing to admit his assaultive behavior and failing to successfully complete the treatment program.

1999); *People v. Romero,* 801 P.2d 1192, 1193 (Colo.1990).

Since the enactment of section 16–12–102(1), ch. 44, art. 12, § 39–12–102, 1972 Colo. Sess. Laws 190, 253, we have on several occasions, without challenge or discussion, entertained prosecutor appeals of orders barring petitions to revoke probation. *See, e.g., People in the Interest of M.H.,* 661 P.2d 1173, 1174 (Colo.1983) (reversing order barring refiling after voluntary dismissal of petition to revoke pending completion of delinquency proceedings for same conduct); *People v. Clark,* 654 P.2d 847 (Colo.1982) (reversing order barring refiling after dismissal of petition to revoke for failure to hear initial petition within 15 days, as required by statute). Similarly, intermediate appellate court decisions treating a sentencing court's refusal to revoke as a final judgment have either failed to distinguish orders of revocation from orders denying revocation, or have simply failed to analyze the question at all. *See, e.g., People v. Lewis,* —— P.3d ——, 2008 WL 90240 (Colo.App.2008), *vacated sub nom Lewis v. People,* No. 08SC161, 214 P.3d 1059, 2009 WL 2096222 (Colo. June 29, 2009) (finding failure to sustain complaint for revocation to be a final order for purposes of issue preclusion, in reliance on authority finding revocation and resentencing to be final). For various reasons, including further development of the final-order requirement in the context of prosecutor appeals, *see, e.g., Ellsworth,* 987 P.2d at 266; *Romero,* 801 P.2d at 1193, and changes to the appellate rules permitting appeals of questions of law to be filed and prosecuted in the court of appeals, *see* C.A.R. 4(b)(2), which, unlike this court, lacks jurisdiction to review a nonfinal order by extraordinary writ, we consider it important to address the question now.

We have in the past characterized a final judgment as one that ends the particular action in which it is entered, leaving nothing further for the court pronouncing it to do in order to completely determine the rights of the parties involved in the proceedings. *People v. Jefferson,* 748 P.2d 1223, 1224 (Colo. 1988); *Stillings v. Davis,* 158 Colo. 308, 310, 406 P.2d 337, 338 (1965). Because a judgment of conviction includes the defendant's sentence, *see* Crim.P. 32(b)(3), we have also held that a final judgment in a criminal case does not come until the defendant is acquitted, the charges are dismissed, or the defendant is convicted and sentence is imposed. *Sanoff v. People,* 187 P.3d 576, 577 (Colo.2008); *People v. Gallegos,* 946 P.2d 946, 950 (Colo.1997). In addition, the General Assembly has on occasion expressly designated certain classes of orders as final for purposes of an appeal of a question of law. *See, e.g.,* § 16–12–102(1) ("Any order of a court that either dismisses one or more counts of a charging document prior to trial or grants a new trial after entry of a verdict or judgment shall constitute a final order that shall be immediately appealable pursuant to this subsection.").

Unlike an order revoking probation, the review of which is expressly contemplated and provided for by both statute and rule, *see* § 18–1–410, C.R.S. (2008); Crim.P. 35(c)(2)(VII) (permitting postconviction challenge for unlawful revocation of probation), and (3)(IX) (specifying that order granting or denying motion for postconviction relief is a final order, reviewable on appeal), an order continuing, rather than revoking probation, is not singled out for review either as a final or a nonfinal order. Also unlike an order revoking probation, a ruling rejecting the invitation of a prosecutor or probation officer to revoke does not result in a new sentence or the issuance of a new mittimus. The case for treating such a ruling as a final judgment rests largely on analogizing a complaint to revoke probation to a charging document, or criminal complaint, the dismissal of which finalizes any given criminal prosecution.

Admittedly, the statutory scheme permits revocation of probation and resentencing only upon proof that the probationer has violated a condition of his probation. § 16–11–206(3), C.R.S. (2008). Similarly, among the protections ensuring adequate process before a criminal defendant is made to suffer harsher punishment, the statute requires a hearing based on the filing of a complaint, which must put the probationer on notice of the allegations of violation in much the same manner as a charging document. § 16–11–206(4), C.R.S. (2008). However, in addition to the fact that statutes granting the govern-

ment a right of appeal are strictly construed, *see generally* LaFave et al., Criminal Procedure § 27.3(c), key differences between the dismissal of criminal charges and declining an invitation to revoke probation render the analogy incomplete and unpersuasive.

 Unlike the prosecution of criminal charges, precepts of criminal prosecution like mandatory joinder and double jeopardy are not applicable to probation revocation, and unlike the proof of criminal charges, establishing a violation merely permits, but never requires, the revocation of probation or the alteration of a defendant's sentence in any way. Probation is fundamentally rehabilitative in nature, being designed "to ensure that the defendant will lead a law-abiding life and to assist the defendant in doing so," *see* § 18–1.3–204, C.R.S. (2008); and the revocation of probation, like granting probation in the first place, is entirely discretionary with the sentencing court. § 16–11–206(5), C.R.S. (2008); § 18–1.3–202, C.R.S. (2008). Nothing in either statute or constitution suggests that evidence or grounds to revoke considered insufficient at a particular point in time cannot contribute, along with additional evidence or grounds, to a future revocation. Short of infringing on a defendant's right to due process of law, the probationary power of the courts must retain flexibility in order to best serve the ends of justice and the interests of the public.

Should the General Assembly determine, as it has done with regard to certain classes of orders in the past, that despite failing to exhibit typical indicia of finality, an order continuing probation in the face of a complaint to revoke should be considered sufficiently final to permit immediate appeal, it may take specific action to that end. There may, however, be important policy considerations making it less than desirable to import into the process of probation revocation requirements to marshal evidence and join claims, as well as technical legal doctrines precluding the litigation, or relitigation, of particular claims or issues previously known or presented. And as we have noted in declining to adopt the federal "collateral order" doctrine, parties (including prosecutors) with significant claims requiring immediate attention, despite their lack of finality, have realistic opportunities for review by invoking the original jurisdiction of this court. *See Paul v. People,* 105 P.3d 628 (Colo.2005).

Although both parties seek our answer to their broad constitutional inquiry, and although we have on occasion exercised our original jurisdiction when necessary to avoid dismissing an otherwise untimely or improperly postured appeal, *see, e.g., id.* at 632; *People v. Braunthal,* 31 P.3d 167 (Colo.2001), this is not such a case. The constitutionality or operability of statutory provisions requiring progress in treatment as a precondition of discharge from sex offender intensive supervision probation, *see* § 18–1.3–1008, C.R.S. (2008), have never been at issue in this case; and the conditions upon which the allegations of violation of this particular defendant's probation contract were premised no longer exist. Because we perceive no disadvantage to be suffered by the People and little meaningful guidance possible without more context than provided by the record before us in this case, we decline to address the People's constitutional question.

### III.

Because an order declining to revoke probation is not a final judgment within the meaning of C.A.R. 1, the court of appeals lacked jurisdiction to entertain the prosecutor's appeal. The judgment of the court of appeals is therefore vacated with directions to dismiss the People's appeal.

Justice EID dissents, and Chief Justice MULLARKEY joins in the dissent.

Justice EID, dissenting.

Because I would find that a district court's denial of a complaint for revocation of probation—a ruling akin to the dismissal of criminal charges—is a final appealable order, I respectfully dissent from the majority opinion. In my view, the majority's decision to the contrary unnecessarily prevents the People from challenging the district court's ruling: namely, that prior to the completion of direct review Guatney cannot be required, as a condition of probation, to participate in a sex offender treatment program during

which he would discuss his sex offenses, because such a requirement would violate the Fifth Amendment.

The Colorado Appellate Rules permit appeal from a final judgment, C.A.R. 1, but neither the rules nor any statutory provision explicitly defines "final judgment." Although the General Assembly has "designated certain classes of orders as final," maj. op. at 1051 (citing § 16–12–102(1), C.R.S. (2008)), these designations are not exhaustive. *See, e.g., Bye v. Dist. Court,* 701 P.2d 56, 61 (Colo.1985) (finding order regarding attorney fees in criminal case to be final appealable order even though such an order is not listed in section 16–12–102(1)). In light of the non-exhaustive nature of section 16–12–102(1), we have developed a definition of final judgment, defining it as "leaving nothing further for the court pronouncing it to do in order to completely determine the rights of the parties involved in the proceeding." *Bye,* 701 P.2d at 61 (citing *D.H. v. People,* 192 Colo. 542, 544, 561 P.2d 5, 6 (1977)).

Here, the district court's denial of a complaint for revocation of probation, alleging that Guatney had refused to participate in sex offender treatment, left "nothing further for the court ... to do in order to completely determine the rights of the parties involved in the proceeding." *See Bye,* 701 P.2d at 61. The district court held that the treatment program violated Guatney's rights under the Fifth Amendment, and that therefore he could not be required to participate in it as a condition of probation while his conviction was on direct appeal. This determination was conclusive as to whether Guatney's probation could be revoked due to lack of participation in treatment; in the view of the trial court, probation could not be revoked on those grounds. In other words, this was not a "wait and see" decision where the parties could return to the court once a period of time had passed in order to re-assess Guatney's compliance. Instead, this was a final determination that permitted Guatney to remain on probation without participating in the treatment program.

Furthermore, the denial of a petition for revocation of probation is akin to the dismissal of criminal charges, which is a statutorily enumerated final order. *See* § 16–12–102(1), C.R.S. (2008) ("Any order of a court that either dismisses one or more counts of a charging document prior to trial or grants a new trial after the entry of a verdict or judgment shall constitute a final order that shall be immediately appealable...."). Like the dismissal of charges, the denial of a complaint to revoke probation "disposes of the opportunity to try [the] defendant on that particular charge." *See People v. Jefferson,* 748 P.2d 1223, 1225 (Colo.1988). Here, once the court determined that failure to comply with the treatment program could not provide a basis for revocation of probation, the People could no longer seek revocation on those grounds. Thus, like an order dismissing charges, an order denying a petition for revocation of probation is final and subject to appeal.

Finally, the General Assembly explicitly authorizes the People to appeal "*any* decision of a court in a criminal case upon any *question of law*." § 16–12–102(1) (emphasis added). Here, the trial court found that the condition of probation violated Guatney's Fifth Amendment right against self-incrimination. An appeal in this case would not review the trial court's judgment about the adequacy or degree of Guatney's compliance with his probation. Instead, it would examine whether the conditions of probation violated his Fifth Amendment rights—a pure question of law appealable under section 16–12–102(1).

The district court's ruling permitted Guatney, a convicted sex offender, to remain on probation for roughly three years—that is, the time it took to complete his direct appeals—without participating in any sex offender treatment. In my view, today's decision unnecessarily prevents the People from challenging that ruling. I therefore respectfully dissent from its decision.

I am authorized to state that Chief Justice MULLARKEY joins in this dissent.