Opinions of the Colorado Supreme Court are available to the
public and can be accessed through the Judicial Branch's homepage at
http://www.courts.state.co.us.  Opinions are also posted on the
Colorado Bar Association's homepage at http://www.cobar.org.

ADVANCE SHEET HEADNOTE
June 8, 2020

**2020 CO 48**

**No. 18SC41, *People in Interest of J.D.*—Roles of Juvenile Magistrates—Final Judgment and Order—Deferred Adjudication.**

The People sought review of the court of appeals' judgment reversing the district court's order voiding a ruling of the juvenile magistrate.  The district court had found that the juvenile magistrate lacked jurisdiction to grant J.D.'s motion to withdraw his guilty plea and, further, that J.D.'s sole remedy for a failure of his counsel to render effective assistance in advising him concerning his deferred adjudication was to file a petition with the court for reinstatement of his review rights nunc pro tunc.  By contrast, the court of appeals found that the juvenile magistrate had jurisdiction to entertain J.D.'s Crim. P. 32(d) motion to withdraw his guilty plea because it was a motion in a delinquency case the magistrate had been appointed to hear, and it was not a motion seeking review of any prior order of the magistrate.

Although on different grounds, the supreme court affirmed, holding that because a juvenile magistrate is not prohibited, either by statute or court rule, from

revisiting his prior rulings, decrees, or other decisions in a case he has been properly appointed to hear, unless and until the proceedings have culminated in a final order or judgment, and because a guilty plea, prior to sentencing and entry of a judgment of conviction, does not constitute a final judgment or order, the district court erred in ruling that the magistrate lacked jurisdiction over the juvenile's Crim. P. 32(d) motion to withdraw his guilty plea.

**The Supreme Court of the State of Colorado**
2 East 14th Avenue • Denver, Colorado 80203

**2020 CO 48**

**Supreme Court Case No. 18SC41**
*Certiorari to the Colorado Court of Appeals*
Court of Appeals Case No. 16CA1379

**Petitioner:**

The People of the State of Colorado,

**In the Interest of
Respondent:**

J.D.

**Judgment Affirmed**
*en banc*
June 8, 2020

**Attorneys for Petitioner:**
Philip J. Weiser, Attorney General
Kevin E. McReynolds, Assistant Attorney General
    *Denver, Colorado*

**Attorneys for Respondent:**
The Noble Law Firm, LLC
Tara Jorfald
    *Lakewood, Colorado*

**CHIEF JUSTICE COATS** delivered the Opinion of the Court.

¶1    The People sought review of the court of appeals' judgment reversing the district court's order voiding a ruling of the juvenile magistrate. *See People in Interest of J.D.*, 2017 COA 156, __ P.3d __. The district court had found that the juvenile magistrate lacked jurisdiction to grant J.D.'s motion to withdraw his guilty plea and, further, that J.D.'s sole remedy for a failure of his counsel to render effective assistance in advising him concerning his deferred adjudication was to file a petition with the court for reinstatement of his review rights nunc pro tunc. By contrast, the court of appeals found that the juvenile magistrate had jurisdiction to entertain J.D.'s Crim. P. 32(d) motion to withdraw his guilty plea because it was a motion in a delinquency case the magistrate had been appointed to hear, and it was not a motion seeking review of any prior order of the magistrate.

¶2    Because a juvenile magistrate is not prohibited, either by statute or court rule, from revisiting his prior rulings, decrees, or other decisions in a case he has been properly appointed to hear, unless and until the proceedings have culminated in a final order or judgment, and because a guilty plea, prior to sentencing and entry of a judgment of conviction, does not constitute a final judgment or order, the district court erred in ruling that the magistrate lacked jurisdiction over the juvenile's Crim. P. 32(d) motion to withdraw his guilty plea. Although on different grounds, the judgment of the court of appeals is therefore affirmed.

1

¶3    The People filed petitions in delinquency charging J.D. with conduct that would constitute trespassing and arson if committed by an adult.  J.D. elected to proceed before a magistrate rather than a district court judge, and ultimately entered into a deferred adjudication agreement, requiring entry of a guilty plea to one count of third degree trespassing, to be followed by a one-year period of deferral, subject to specified conditions, including restitution.  After the juvenile's counsel failed to timely object to a subsequent restitution order for $25,647.06, and after several attempts by the juvenile to have the restitution order reconsidered proved unsuccessful as untimely or procedurally improper, he moved to withdraw his guilty plea, pursuant to Crim. P. 32(d).

¶4    Following a hearing at which the juvenile's plea counsel conceded that he mistakenly thought his representation had terminated after the guilty plea entered and therefore did not timely object to the restitution order, the magistrate granted the juvenile's motion.  On petition for review, filed by the People, however, the district court concluded that the magistrate's earlier imposition of restitution as a condition of deferral finalized sentencing, and therefore the magistrate lacked the jurisdiction to entertain the juvenile's motion to withdraw his plea.  Although the district court appeared to rule that it also lacked jurisdiction to review the magistrate's order, it nevertheless clearly declared the magistrate's order granting

2

the juvenile's motion to withdraw his guilty plea void, ordered the deferred adjudication reinstated, and expressly granted the juvenile leave to file a Petition for Reinstatement of Review Rights Nunc Pro Tunc with the district court, solely for the purpose of challenging the effectiveness of his counsel's representation. On appeal of the district court's ruling, the court of appeals reversed, holding that because a challenge to the effectiveness of counsel necessarily required more than a mere reconsideration of the existing record, the magistrate's consideration of the juvenile's motion to withdraw on the grounds of inadequate advice and failure of his counsel to object necessarily implicated matters outside the record and therefore did not amount to a review of any of his prior orders.

¶5    The People petitioned for further review by this court.

## II.

¶6    The relationship between the district court judge and a juvenile magistrate appointed to hear matters under the juvenile court's jurisdiction is governed by both statute and court rule. *See* § 19-1-108, C.R.S. (2019); C.R.M. 5; C.R.M. 6. By statute, juvenile magistrates are empowered to conduct hearings in the manner provided for the hearing of cases by the court. § 19-1-108(3)(a.5). At the conclusion of a hearing, the magistrate is required to, among other things, prepare findings and a written order that will become the order of the court, absent the filing of a petition for review by the judge. § 19-1-108(4)(c). Such a review of a magistrate's

3

findings and order by the judge is permitted solely upon the record of the hearing before the magistrate, is limited to the grounds set forth in C.R.C.P. 59 (motions for Post-Trial Relief), and is a prerequisite to the filing of an appeal with the court of appeals or supreme court. § 19-1-108(5.5).

¶7 Rule 5 of the Colorado Rules for Magistrates delineates with some particularity the powers of magistrates in general. In addition to enumerating the specific matters a magistrate is authorized to decide and the process he is authorized to issue, the rule specifies that an "order or judgment" of a magistrate in any judicial proceeding, unless sooner stayed, becomes effective upon the date of the order or judgment and will remain in effect pending review by a reviewing judge; and further, that other than the correction of clerical errors, a magistrate will have no authority to consider a petition for rehearing. C.R.M. 5(a). With regard to review by the judge of all orders or judgments of a magistrate other than those requiring party consent, Rule 7(a) dictates that only "final" orders or judgments, meaning those that fully resolve an issue or claim signed by the magistrate, C.R.M. 7(a)(3), are reviewable by the district court judge. With regard to orders or judgments entered by a magistrate when consent is necessary, Rule 7(b) specifies that review by the district court judge will not be available in the manner permitted by Rule 7(a), and instead review is limited to an appeal

4

pursuant to the Colorado Rules of Appellate Procedure, in the same manner as an appeal of a judgment of the district court.

¶8 Resolution of the question whether a juvenile magistrate is constrained from granting a motion to withdraw a guilty plea entered pursuant to an agreement for a deferred adjudication therefore depends not only on the nature of such a plea and motion themselves, but also on a proper interpretation, or construction, of both statute and rule. With regard to the question of interpretation, we have often held that a statute takes its meaning from the language chosen by the legislature to express its intent. *People v. Owens*, 228 P.3d 969, 972 (Colo. 2010). If that language is subject to more than one reasonable interpretation, and is therefore ambiguous, *People in Interest of G.S.S.*, 2020 CO 32, ¶ 12, __ P.3d __ (citing *Carrera v. People*, 2019 CO 83, ¶ 18, 449 P.3d 725, 729), a number of intrinsic and extrinsic aids have either been provided by the legislature itself or have developed over hundreds of years to assist in determining which among a number of reasonable interpretations is the one that reflects legislative intent. In interpreting rules of this court, we have similarly applied these long-accepted principles, *People v. G.S.*, 2018 CO 31, ¶ 32, 416 P.3d 905, 913; *Mercantile Adjustment Bureau, L.L.C. v. Flood*, 2012 CO 38, ¶ 30, 278 P.3d 348, 358, with the difference, however, that the intent to be identified is that of the supreme court, according to our own purposes and drafting conventions.

¶9 A provision existing as part of a comprehensive whole must be understood, when possible, in pari materia — harmonious with the entire scheme. *BP Am. Prod. Co. v. Patterson*, 185 P.3d 811, 813 (Colo. 2008). We presume that the legislature intended that various parts of the comprehensive scheme be consistent with and apply to each other, without requiring the legislature to incorporate each by express reference in the other. *See Martinez v. People*, 69 P.3d 1029, 1033 (Colo. 2003). In a similar fashion, we construe our own rules within the context of the broader scheme and the purpose to be served by the scheme as a whole. *People v. Owens*, 2014 CO 58, ¶ 13, 330 P.3d 1027, 1031.

¶10 Whether or not there exists an irreconcilable tension between the statutory provisions for review of the orders of juvenile magistrates and the rules governing the conduct of magistrates in civil and criminal proceedings, neither the statute nor the rules can be reasonably understood to preclude a juvenile magistrate from entertaining a motion authorized by Crim. P. 32(d) prior to sentencing. Notwithstanding the broad definition of "Order or Judgment" in the definitional section of the magistrate rules, *see* C.R.M. 3(e) ("All rulings, decrees or other decisions of a judge or a magistrate made in the course of judicial proceedings."), when the numerous references throughout the rules to that phrase are read in pari materia, there can be little question that a magistrate, just as a judge, retains the ability to modify or reconsider any of his rulings made in the course of judicial

proceedings until those proceedings culminate in a final, reviewable order or judgment. With regard to magistrates serving in juvenile cases, in particular, the statute makes this proposition even more clear.

¶11 For those cases in which the juvenile either lacks or has waived the right to a hearing before a judge, the statute broadly mandates that "Magistrates shall conduct hearings in the manner provided for the hearing of cases by the court." § 19-1-108(3)(a.5). The statute further requires that after such a hearing the magistrate prepare a written order of his findings and ruling, subject to review by the judge on no more than those grounds that would justify post-trial relief from appealable judgments of the court itself. § 19-1-108(5.5); *see* C.R.C.P. 58, 59. Nowhere does the statute suggest that in granting juvenile magistrates the authority to conduct hearings in the manner provided for the hearing of cases by the court, the legislature nevertheless intended to preclude magistrates, prior to the entry of a final judgment, from reconsidering their own decisions or rulings to the same extent the law of the case doctrine would permit a judge to do so. *See People v. Morehead*, 2019 CO 48, ¶ 10, 442 P.3d 413, 417 (describing law of the case doctrine as it relates to reconsideration by the trial court making a decision as a "discretionary rule of practice" (quoting *People ex rel. Gallagher v. Dist. Court*, 666 P.3d 550, 553 (Colo. 1983))).

¶12 Similarly, the rules of the supreme court governing the conduct of magistrates nowhere purport to limit the authority of magistrates to reconsider or modify any of their rulings or decisions made during the course of hearings or other judicial proceedings, prior to their becoming final and reviewable by a judge. Only final orders or judgments of a magistrate, which are those fully resolving an issue or claim, are reviewable by a district court judge under the rules, and only then after they are reduced to writing, dated, and signed. C.R.M. 7(a)(3)–(4). While an order or judgment definitionally includes all rulings or decisions of the magistrate, and therefore all rulings of a magistrate are at some point reviewable, those decisions that are not themselves final become subject to review by a district court judge only after entry of a final order or judgment, which fully resolves the issue or claim being litigated at the proceeding in question. C.R.M. 3(e); C.R.M. 7(a)(3). The rules expressly limit a magistrate's authority only with regard to a "petition for rehearing," C.R.M. 5(a), necessarily implying that the order or judgment for which a *rehearing* is prohibited is the final order or judgment mandated at the conclusion of and resulting from a *hearing*.

¶13 Rule 32(c) of the Colorado Criminal Rules of Procedure makes clear that a judgment of conviction consists not only of the recital of a plea and verdict or findings, but also the sentence. Because the recital of a guilty plea is not a final, appealable judgment of conviction, Rule 32 further grants the court discretion to

8

grant a motion to withdraw a plea of guilty prior to the imposition of sentence. Crim. P. 32(d); *see also Ellsworth v. People*, 987 P.2d 264, 266 (Colo. 1999). While a defendant is not absolutely entitled to withdraw his plea, we have long held that a timely motion to withdraw should be granted where justice would be subverted by failing to do so, including, for example, where a defendant may have been surprised or influenced into a plea of guilty when he actually had a defense, or where a plea of guilty was entered by mistake or under a misconception of the nature of the charge, or where it was made involuntarily for some reason. *Kazadi v. People*, 2012 CO 73, ¶ 14, 291 P.3d 16, 21. Similarly, where it appears that a moving defendant has been deprived of a constitutional right—as the result, for instance, of not having been adequately advised by the court during his plea or not having benefited from the effective assistance of counsel in entering his plea— and therefore will actually be entitled to reversal once his conviction becomes final, it is even more clear that a fair and just reason exists for granting a motion to withdraw prior to sentencing.

¶14 While there will typically be only a short period between a providency hearing and entry of a judgment of conviction on the charges to which the defendant pled guilty, where sentencing is statutorily deferred or otherwise lawfully delayed, the time for filing a motion to withdraw will be correspondingly extended. In *Kazadi*, this court held that Crim. P. 32(d) is an appropriate vehicle

9

for withdrawal of guilty pleas involving deferred judgments. ¶ 10, 291 P.3d at 19–20. In reliance on our own prior holdings, *see People v. Carbajal*, 198 P.3d 102, 105 (Colo. 2008) (holding that a deferred judgment is not a final judgment until revoked); *Ellsworth*, 987 P.2d at 266 (holding that until a sentence is imposed, there can be no final judgment); *People v. Widhalm*, 642 P.2d 498, 500 (Colo. 1982) (holding that a deferred judgment is not a judgment of conviction and accords the defendant the opportunity to withdraw his guilty plea and obtain dismissal of the charges), and overruling prior court of appeals' authority to the contrary, we reasoned in *Kazadi* that a deferred judgment is not a final judgment subject to either Crim. P. 35 review or direct appellate review, unless and until it is revoked. *Kazadi*, ¶ 19, 291 P.3d at 21. Rather, it amounts to a continuance of the defendant's case, subject to specified conditions of supervision, in lieu of the imposition of sentence. *Id.*

¶15 Much as deferred judgments in adult criminal proceedings, a juvenile being proceeded against in delinquency is statutorily entitled to enter into an agreement whereby his plea of guilty is subject to deferral of adjudication. § 19-2-709, C.R.S. (2019). And as with the other rules of criminal procedure, in the absence of either statute or rule to the contrary, a juvenile who is the subject of a delinquency proceeding is entitled to move to withdraw a plea of guilty prior to the imposition of sentence. *See* C.R.J.P. 1 (stating the proceedings in delinquency are to be

10

conducted according to the Colorado Rules of Criminal Procedure); Crim. P. 32(d). Whether the magistrate's order granting the juvenile's motion to withdraw in this case is more appropriately characterized as the reconsideration or modification of his earlier decision to accept the juvenile's plea pursuant to a deferred adjudication agreement or simply as an order granting a motion for presentence relief expressly provided the juvenile by court rule, it clearly did not amount to the granting of a petition for rehearing or otherwise constitute the review of a final order or judgment of the magistrate.

### III.

¶16 Because a juvenile magistrate is not prohibited, either by statute or court rule, from revisiting his prior rulings, decrees, or other decisions in a case he has been properly appointed to hear, unless and until the proceedings have culminated in a final order or judgment, and because a guilty plea, prior to sentencing and entry of a judgment of conviction, does not constitute a final judgment or order, the district court erred in ruling that the magistrate lacked jurisdiction over the juvenile's Crim. P. 32(d) motion to withdraw his guilty plea. Although on different grounds, the judgment of the court of appeals is therefore affirmed.

11