The summaries of the Colorado Court of Appeals published opinions
constitute no part of the opinion of the division but have been prepared by
the division for the convenience of the reader.  The summaries may not be
cited or relied upon as they are not the official language of the division.
Any discrepancy between the language in the summary and in the opinion
should be resolved in favor of the language in the opinion.

SUMMARY
August 19, 2021

**2021COA113**

**No. 19CA2230, *People v. Ong* — Criminal Law — Competency to
Proceed — Certification, Reviews, and Termination of
Proceedings; Appeals — Final Appealable Order**

A division of the court of appeals determines that an order
issued pursuant to section 16-8.5-116, C.R.S. 2020, finding a
defendant incompetent with no probability of restoration and
dismissing the criminal charges, is a final, appealable order.  The
division clarifies that the stay of the dismissal order issued under
section 16-8.5-116(10) does not extend the finality of the order for
the purposes of timely appeal.  The division concludes that the
People's appeal was untimely filed because the stay did not extend
the finality of the order.

Court of Appeals No. 19CA2230
Larimer County District Court Nos. 16CR2625 & 17CR1635
Honorable Thomas R. French, Judge

The People of the State of Colorado,

Plaintiff-Appellant,

v.

Earl Joseph Ong,

Defendant-Appellee.

## APPEAL DISMISSED

Division II
Opinion by JUDGE DAVIDSON*
Harris and Lipinsky, JJ., concur

Announced August 19, 2021

Clifford E. Riedel, District Attorney, Joshua D. Ritter, Deputy District Attorney, Fort Collins, Colorado, for Plaintiff-Appellant

Lord Law Firm, LLC, Kathleen A. Lord, Denver, Colorado, for Defendant-Appellee

*Sitting by assignment of the Chief Justice under provisions of Colo. Const. art. VI, § 5(3), and § 24-51-1105, C.R.S. 2020.

¶ 1     The People appeal the district court's order finding Earl Joseph Ong incompetent without likelihood of recovery, terminating the criminal proceedings, dismissing the charges against him, and staying the order of dismissal for twenty-one days to facilitate the transition of the case from criminal to civil mental health proceedings.  Ong moved to dismiss the People's appeal as untimely filed.  We grant Ong's motion.

## I.     Background and Procedural Facts

¶ 2     On November 28, 2016, Ong was charged with sexual assault on a child (pattern of abuse), sexual assault on a child (victim incapable of appraising conduct), sexual assault on a child, sexual exploitation of children, and sexual exploitation of a child.  Ong was released on bond.  Although he was subsequently charged in another case with violation of bail bond conditions and violation of a protective order, he remained out on bond.

¶ 3     Section 16-8.5-116(4), C.R.S. 2020, provides that a court, after four prior reviews finding a defendant incompetent,

> shall review the competency of the defendant every sixty-three days until the defendant is restored to competency or the court determines, based on available evidence, that there is not a substantial probability that the

> defendant will be restored to competency in the foreseeable future and in that case, the court shall dismiss the case.

¶ 4    Section 16-8.5-116(10) allows the court, after finding incompetency and ordering the case dismissed under subsection (4), to stay the order dismissing the criminal charges for up to twenty-one days "so as to provide the department and the county attorney or district attorney with the opportunity to pursue certification proceedings or the provision of necessary services."

¶ 5    On May 8, 2017, Ong's defense counsel requested a competency evaluation. The district court made a preliminary finding that Ong was incompetent to proceed and, following a hearing, found Ong to be incompetent. Because Ong was out on bond, the district court ordered him to undergo outpatient competency restoration therapy.

¶ 6    The doctor evaluating Ong submitted progress reports to the court on June 18, 2018; November 12, 2018; and February 25, 2019. Each time, she reported that Ong's mental or developmental disability rendered him incompetent to proceed. In the February 25 report, she reported that Ong is "permanently incompetent to proceed."

¶ 7     On April 12, 2019, Ong's counsel filed a motion to terminate the proceedings and dismiss the criminal case under section 16-8.5-116.  On June 4, 2019, the evaluating doctor submitted a fourth report with the same findings and again opined that Ong was "permanently incompetent to proceed."  Once more, defense counsel requested that the court terminate the proceedings and dismiss the criminal case under section 16-8.5-116.  However, this time the district attorney objected, arguing that this portion of the competency statute does not apply to Ong because he was not in custody — either in jail or another facility.

¶ 8     The court held additional competency review hearings and heard argument and briefing on the legal issue the district attorney had raised.  On September 21, 2019, the court entered an order granting defense counsel's motion to terminate the proceedings, and dismissed the criminal charges, as provided under section 16-8.5-116(4).  In addition, the court stayed the dismissal order for twenty-one days as permitted under section 16-8.5-116(10).

¶ 9     Specifically, the court ordered:

> Pursuant to C.R.S. § 16-8.5-116, the Court finds that the Defendant is incompetent and there is not a substantial probability that he

will be restored to competency in the reasonably foreseeable future. The Court also finds that the Defendant meets the requirements for certification pursuant to article 65 of title 27 of the Colorado Revised Statutes because he is a danger to others based upon the allegations in the offenses here charged. The Court commences a mental health case and refers the same to the Larimer County Attorney. Pursuant to C.R.S. § 16-8.5-116(4), (10), the Court dismisses the criminal case but stays the dismissal for 21 days from today.

¶ 10    The court's order was duly entered into the court registry the same day. The twenty-one day stay of the dismissal of the criminal charges expired on October 12, 2019. A clerical notation in the registry of actions dated October 15, 2019, reflects that Ong's cases were "closed-dismissed" and the mandatory protection order vacated. The People filed their notice of appeal on December 3, 2019 — seventy-three days after entry of the September 21 order and fifty-two days after the stay expired.

¶ 11    Ong filed a motion to dismiss the appeal as untimely. We granted his request that we consider his motion as a threshold matter before consideration of the merits of the appeal.

4

¶ 12    He asserts that the appeal is untimely because the September 21, 2019, order was a final, appealable order, and because the People's notice of appeal was filed seventy-three days after the entry of that order.  In response, while acknowledging that the order was issued and entered on September 21, the People claim that the court's stay extended the finality of the order for purposes of appeal until, according to the People, October 15, 2019, when the administrative entry in the registry of actions noted that the case was closed.  Alternatively, even if the stay did not extend the People's deadline to file an appeal, the People request that we find good cause to excuse their untimely filing.

¶ 13    We agree with Ong.  We conclude that the September 21 order was a final order and that the stay of the order did not impact its finality.  We also find no good cause for the untimely filing.  Because the timely filing of a notice of appeal is a prerequisite to our jurisdiction, *e.g.*, *Estep v. People*, 753 P.2d 1241, 1246 (Colo. 1988), we dismiss the appeal.

## II. The People's Appeal was Untimely Filed Because the September 21 Order was a Final, Appealable Order and its Finality was Unaffected by the Twenty-One Day Stay

¶ 14    The People are authorized to appeal questions of law arising from a final order entered in a criminal proceeding. C.A.R. 1(a)(1); § 16-12-102(1), C.R.S. 2020. A prosecution appeal must be filed in the court of appeals within forty-nine days after the entry of judgment or order being appealed. C.A.R. 4(b)(2). "A judgment or order is entered within the meaning of this section (b) when it is entered in the criminal docket." C.A.R. 4(b)(1). Any such appeal must follow the procedural requirements of C.A.R. 4(a), including that it be timely filed.

¶ 15    With exceptions not relevant here, *see, e.g.*, C.A.R. 4.1; § 16-12-102 (permitting interlocutory appeals in limited and specific situations), only final judgments or orders are appealable. Prosecution appeals, like appeals by other parties, are subject to the final judgment requirement of C.A.R. 1.

### A. The September 21 Order Terminating the Competency Proceedings and Dismissing the Charges was a Final, Appealable Order Because It Ended the Controversy and Left

6

the District Court with Nothing Further to do to Determine the
Rights of Ong and the Prosecution

¶ 16    A judgment is final for purposes of appeal when it is entered

"leaving nothing further for the court pronouncing it to do in order

to completely determine the rights of the parties involved." *People v.*

*Guatney*, 214 P.3d 1049, 1051 (Colo. 2009).  A judgment or order in

a criminal case is final when "the defendant is acquitted, the

charges are dismissed, or the defendant is convicted and sentence

is imposed." *Id.*

¶ 17    A judgment of dismissal in a criminal case is final and

immediately appealable.  *Dike v. People*, 30 P.3d 197, 201 (Colo.

2001).

¶ 18    We agree with Ong that the September 21 order terminating

the competency proceedings and dismissing the charges was a final,

appealable order.

¶ 19    Pursuant to section 16-8.5-116, the controversy before the

district court was whether Ong was incompetent with no probability

of restoration.  If it so determined, the court was required to order

dismissal of all pending criminal charges pursuant to section 16-

8.5-116(4).[1] In addition, the court had the discretion to delay the dismissal for twenty-one days to enable the transition to civil mental health proceedings (the effect of which would keep Ong in custody or on bond during that transition). § 16-8.5-116(10). Ultimately, the court found Ong incompetent with no probability of recovery and consequently, as mandated, issued an order dismissing the criminal charges. In addition, finding Ong to be dangerous to others, the court opened a mental health case and stayed execution of the order of dismissal of the criminal charges for the statutorily prescribed twenty-one days.

¶ 20    From these facts, it is apparent that there was nothing more for the district court to do in the competency proceedings to determine the rights of the parties before it. *See People in Interest of C.Y.*, 2012 COA 31, ¶ 31 (in juvenile delinquency proceedings, the

---

[1] In their briefs on appeal, the People contend that district court had no authority to dismiss the charges against Ong because he was not in custody of the department or otherwise confined under section 16-8.5-116(4), C.R.S. 2020, but was receiving outpatient competency restoration treatment. We do not address the merits of this contention but presume, solely for the purposes of determining jurisdiction, that the trial court had the proper authority to dismiss the charges.

court's finding that competency could not be restored and order for a management plan ended the controversy and therefore was a final, appealable order); *People v. Galves*, 955 P.2d 582, 583 (Colo. App. 1997) (determining that a finding of not guilty by reason of insanity, while not technically a judgment of conviction, ended the controversy and, therefore, was the functional equivalent of a final judgment of conviction); *cf. People v. Zapotocky*, 869 P.2d 1234, 1240-41 (Colo. 1994) (finding of no substantial probability that a defendant will be restored to competency in the foreseeable future required that the defendant be released); *Parks v. Denver Dist. Ct.*, 180 Colo. 202, 207, 503 P.2d 1029, 1032 (1972) ("If it becomes apparent that the defendant is unlikely to ever regain competency to stand trial, then civil commitment proceedings should be instituted.").

¶ 21　　Contrary to the People's suggestion that the court may have retained continuing jurisdiction to resolve certain, limited issues arising during Ong's transition to civil proceedings, e.g., enforcement of the mandatory protection order, such continuing jurisdiction did not affect the appealability of the September 21 order.  *C.Y.*, ¶ 31 (order determining that juvenile cannot be

9

restored to competency is final and appealable even though the court maintains jurisdiction to establish and monitor a management plan); *Galves*, 955 P.2d at 583-84 (where a court enters a final, appealable order adjudicating a defendant not guilty by reason of insanity, that court retains jurisdiction to resolve questions relating to the defendant's care and treatment); *cf. Strepka v. People*, 2021 CO 58, ¶ 1 (a trial court retains jurisdiction to rule on a motion for return of unlawfully obtained property after a case is dismissed so long as the motion is filed before the appeal deadline expires).

### B. The Stay of the September 21 Order Had No Impact On Its Finality

¶ 22 To the extent that the People suggest that the September 21 order did not become final and appealable until the expiration of the twenty-one day stay granted by the court under section 16-8.5-116(10), we disagree. To the contrary, because the order terminating the proceedings and dismissing the criminal charges was final and appealable when entered on September 21, the court's stay of that order merely suspended its enforcement and had no effect on its finality for purposes of filing a timely appeal.

*See People v. Gabriesheski,* 262 P.3d 653, 657 (Colo. 2011) ("The dismissal of all charges in a criminal prosecution clearly ends the particular action in which the order of dismissal is entered and therefore constitutes a final judgment for purposes of the People's request for appellate review of any ruling in the case" on a question of law.); *see also People v. Collins,* 32 P.3d 636, 638 (Colo. App. 2001) (the dismissal of criminal charges is analogous to a final judgment because the dismissal of a charge effectively terminates prosecution of the charge); § 16-12-102(1) (the entry of an order dismissing all charges in a criminal case is "immediately appealable"); *cf. People v. Figueroa-Lemus,* 2020 CO 59, ¶ 10 (a statutorily sanctioned deferred judgment and sentence is not a final judgment; until and unless it is revoked, it is not subject to appellate review); *Kazadi v. People,* 2012 CO 73, ¶ 18 (in deferring judgment and sentence, the trial court has not yet imposed the sentence and, therefore, a judgment of conviction has not entered that is subject to postconviction or appellate review until the deferred judgment is revoked and sentence is imposed); *Ellsworth v. People,* 987 P.2d 264, 266 (Colo. 1999) (until a sentence is imposed there can be no final judgment); *see also* C.A.R. 8.1(a)(4) (an order

11

placing an offender on probation remains in effect pending review by an appellate court unless the court grants a stay of probation);[2] *see generally State v. Bachman*, 675 S.W.2d 41, 44-45 (Mo. Ct. App. 1984) (explaining that a stay of imposition of a sentence and a stay of execution of a sentence "are not the same thing," as they do not cause a trial court to continue its performance, and hence jurisdiction, in the same way).

---

[2] We are not persuaded by the cases the People cite in their response to the motion to dismiss to support their assertion that, because the order was stayed, the September 21 order was not final and appealable. In those cases, unlike here, the trial courts' rulings did not end the actions leaving nothing further to be done in determining the rights of the parties involved; in each case, there remained unresolved claims or parties who were still a part of the litigation. *Berry v. Westknit Originals, Inc.*, 145 Colo. 48, 49-50, 357 P.2d 652, 653 (1960) (court's order dismissing some but not all parties was not a final, appealable order because it did not determine the action as to all parties); *Dist. 50 Metro. Recreation Dist. v. Burnside*, 157 Colo. 183, 186-87, 401 P.2d 833, 835 (1965) (trial court's order granting defendants' motion to dismiss not a final, appealable order when the court did not enter a final judgment after granting the motion); *Things Remembered, Inc. v. Fireman's Ins. Co.*, 924 P.2d 1089, 1091 (Colo. App. 1996) (court order staying proceedings pending resolution of another case involving similar issues was not final where not all the parties in the cases were the same and it was disputed whether the other proceeding would resolve the claims in this case).

¶ 23    Therefore, just as an imposed sentence or a probationary sentence that has been stayed constitutes a final judgment, but a deferred judgment does not, the entry of the September 21 order was the event that created finality and triggered the time for filing a notice of appeal. The dismissal entered on September 21 did not need to be re-entered to take effect after the expiration of the stay. That is why it is of no moment that the stay expired on October 12, but the minute order noting the closure of the case was not entered until October 15. The minute order did not re-enter the dismissal order; it simply closed the case because the charges had been dismissed.

¶ 24    Indeed, as Ong points out, if the September 21 order was not appealable until the expiration of the stay, by granting the stay, the district court would effectively have extended the time for appeal for an additional forty-nine days past the entry of a final order, something it had no authority to do. *See P.H. v. People in Interest of S.H.*, 814 P.2d 909, 912 (Colo. 1991) (finding that, under C.A.R. 4(a), a trial court is without authority to grant an extension of time to file the notice of appeal; unlike the former version of C.A.R. 4(a), such power is now vested in the appellate court); *Estep*, 753 P.2d at

1247 (trial court has no authority to extend the time for filing an appeal); *cf. People v. Retallack*, 804 P.2d 279, 279-80 (Colo. App. 1990) (a motion filed after the entry of the order challenged on appeal does not extend the time for the prosecution to file its notice of appeal).[3]

¶ 25    We conclude that the September 21 order was final and appealable and, because the stay of that order did not affect its finality, the People's notice of appeal, filed seventy-three days later, was untimely.

III.    We Find No Good Cause to Accept the Appeal Out of Time

¶ 26    In the alternative, the People argue that, if we determine that the order entered on September 21 was final, good cause exists to accept the appeal out of time because of their good-faith reliance on the trial court's imposition of the stay of the order of dismissal. We disagree.

---

[3] Indeed, nothing in section 16-8.5-116(10) can be understood to grant the trial court the discretion to extend the time to file an appeal. To the contrary, the statute allows the court to enter a stay of a dismissal order solely to facilitate the safe transition of a permanently incompetent but dangerous defendant from criminal to civil commitment proceedings, that is, to allow time for the proper agency to begin civil commitment proceedings and allow for the transfer of jurisdiction without losing oversight of Ong.

14

¶ 27     C.A.R. 4(b)(2), unlike C.A.R. 4(b)(1), does not include language providing additional time to file a notice of appeal upon a showing of excusable neglect or justifiable excuse.  Rather, the People must demonstrate good cause for the late filing of a notice of appeal. *People v. Gilmore*, 97 P.3d 123, 128 (Colo. App. 2003).

¶ 28     Good cause under C.A.R. 26(b) requires a showing that surrounding circumstances would cause a reasonably prudent person similarly to overlook a required act in the performance of some responsibility.  *Farm Deals, LLLP v. State*, 2012 COA 6, ¶ 20.

¶ 29     The People do not claim that they were unaware of the September 21 order.  And, as discussed, the dismissal order was a final, appealable order stayed, per the statute, not to allow further proceedings as to the underlying case or Ong's competency, but simply to allow for the commencement of civil commitment proceedings.  Because the stay did not affect the finality of the order dismissing the case, the People's reliance on the court's entry of the stay does not constitute good cause for their failure to timely file the notice of appeal.

## IV.   Conclusion

¶ 30     The appeal is dismissed.

JUDGE HARRIS and JUDGE LIPINSKY concur.