PER CURIAM.
Following a plea of no contest, conviction, and sentence on multiple counts of computer pornography and child exploitation, the defendant appeals an order de *506 nying his motion for the return of property seized during the execution of the search warrant. Subsequent to filing the motion to return property and the court’s entry of the order denying the motion, the defendant filed a motion to vacate and set aside his plea on grounds of ineffective assistance of counsel. In light of the pending motion to vacate the plea, we affirm the trial court’s denial of the motion to return property. See Applegate v. Barnett Bank of Tallahassee, 377 So.2d 1150 (Fla.1979). This affirmance is without prejudice to the defendant to renew his motion for the return of property should the trial court deny the pending motion to vacate the plea. In considering a renewed motion to return items seized, the trial court is not limited to the single issue decided in the motion to suppress. Rather, the court must determine whether the property had an evidentiary purpose. If it did not, the court retains “jurisdiction to order its return.” Oleandi v. State, 731 So.2d 4, 6 (Fla. 4th DCA 1999).
AFFIRMED.
FARMER, C.J., GUNTHER and MAY, JJ., concur.