The summaries of the Colorado Court of Appeals published opinions constitute no part of the opinion of the division but have been prepared by the division for the convenience of the reader. The summaries may not be cited or relied upon as they are not the official language of the division. Any discrepancy between the language in the summary and in the opinion should be resolved in favor of the language in the opinion.

SUMMARY
September 11, 2025

**2025COA77**

**No. 24CA0268, Peo v Woo — Criminal Procedure — Postconviction Remedies; Appeals — Final Appealable Order**

A division of the court of appeals considers for the first time whether a district court's postconviction order denying a motion for return of property is a final and appealable judgment, even though the defendant could refile the motion following the conclusion of the pending postconviction proceedings. The division concludes that the district court's order is final and appealable because it fully addressed the motion on the merits.

Court of Appeals No. 24CA0268
El Paso County District Court No.16CR2069
Honorable Samuel A. Evig, Judge

The People of the State of Colorado,

Plaintiff-Appellee,

v.

James Takchuan Woo,

Defendant-Appellant.

## ORDER AFFIRMED IN PART AND REVERSED IN PART, AND CASE REMANDED WITH DIRECTIONS

Division VII
Opinion by JUDGE LUM
Lipinsky and Pawar, JJ., concur

Announced September 11, 2025

Philip J. Weiser, Attorney General, Paul Koehler, Senior Counsel, Denver, Colorado, for Plaintiff-Appellee

James Takchuan Woo, Pro Se

¶ 1     Defendant, James Takchuan Woo, appeals the district court's postconviction order denying his motion for return of property.

¶ 2     This appeal requires us to consider for the first time whether a district court's order resolving such a motion is a final and appealable judgment, even though Woo could refile the motion following the conclusion of the pending postconviction proceedings. We conclude that the district court's order is final and appealable because it fully addressed Woo's motion on the merits and terminated a discrete proceeding embedded within another.

¶ 3     Because we also conclude that the district court abused its discretion by denying the motion as to certain items of property but didn't abuse its discretion as to other items, we affirm in part, reverse in part, and remand for further proceedings.

## I.     Background

¶ 4     After J.T. ended a yearslong relationship with Woo, police found her body in a storage locker that Woo leased. Police arrested Woo and seized property he was carrying (along with property found at his apartment) as evidence, including a number of digital devices that stored large quantities of files, including image files.

¶ 5    A jury convicted Woo of first degree murder, and the district court sentenced him to life in prison without the possibility of parole. A division of this court affirmed Woo's conviction on direct appeal. *People v. Woo,* (Colo. App. No. 18CA0584, Nov. 25, 2020) (not published pursuant to C.A.R. 35(e)).

¶ 6    As part of extensive postconviction proceedings, Woo moved for the return of his seized property. The district court reserved ruling on Woo's motion pending the outcome of a separate civil replevin action that Woo filed, in which he also sought the return of the seized property.

¶ 7    The Colorado Supreme Court affirmed the district court's dismissal of Woo's replevin action. *Woo v. El Paso Cnty. Sheriff's Off.*, 2022 CO 56, ¶ 53. In that decision, the supreme court held that, in criminal proceedings, a district court retains ancillary jurisdiction to resolve a motion for return of property following a direct appeal, during postconviction proceedings, or after any appeal related to those proceedings. *Id.* at ¶ 42. The court then laid out the standards governing how district courts should address a motion for return of property (which we discuss *infra* Part III.A). *Id.* at ¶¶ 45-48.

2

¶ 8     After the supreme court announced *Woo*, Woo filed a Crim. P. 35(c) motion claiming ineffective assistance of counsel (ineffective assistance motion). That motion remains pending in the district court.

¶ 9     Around the same time, the district court ordered Woo to update the court on whether he wished to pursue his motion for return of property. Woo then filed the updated motion at issue. Woo requested that numerous items of property be returned to him or sent to his family overseas. The items include various digital devices, such as hard drives, thumb drives, SD cards, a digital camcorder, and an Amazon tablet; documents; a computer tower; medications; cash; jewelry; and miscellaneous articles of clothing, accessories, and other items. Woo also requested an evidentiary hearing on the motion.

¶ 10    The court denied Woo's request for a hearing, granted Woo's motion as to some of the property, and denied his request for the return of other property, including certain digital devices. The court issued its order "without prejudice," noting that "the circumstances may change" after the resolution of Woo's ineffective assistance motion.

¶ 11   Woo appealed. A motions division of this court issued an order to show cause why the appeal should not be dismissed for lack of a final appealable judgment. Woo filed a response, and the motions division deferred the finality ruling to this division. We address finality first and Woo's substantive arguments second.

## II.   Finality

¶ 12   A final judgment is "one that ends the particular action in which it is entered, leaving nothing further for the court pronouncing it to do in order to completely determine the rights of the parties involved in the proceedings." *People v. Guatney*, 214 P.3d 1049, 1051 (Colo. 2009). "[I]n determining whether an order is final, we must look to the legal effect of the order and not merely its form." *In re Marriage of Wiggs*, 2025 COA 10, ¶ 8.

¶ 13   Woo argues that the district court's order, although issued without prejudice, is a final appealable judgment. The People contend that the order isn't final because "the factual and legal issues underlying the dispute have not been resolved" due to the ongoing proceedings regarding Woo's ineffective assistance motion. For three reasons, we agree with Woo.

4

¶ 14 First, although entered "without prejudice," the district court's order resolved Woo's motion on the merits as to each item of property he requested. In doing so, the court left nothing further to decide "in order to completely determine the rights of the parties" with respect to the return of Woo's property. *Guatney*, 214 P.3d at 1051. Thus, the order "terminate[d] a discrete proceeding embedded within another." *Wiggs*, ¶ 11. Colorado law recognizes the finality of such orders. *See id.* at ¶¶ 7-11 (citing as examples temporary financial orders in dissolution of marriage proceedings, probate rulings, postjudgment collection orders, and contempt orders). We acknowledge that the circumstances may change after Woo's ineffective assistance proceedings have concluded, and the change in circumstances may result in a different disposition if Woo files another motion for return of property at that time. But Colorado law also recognizes that certain types of orders — such as a permanent protection order (PPO) — are final and appealable, even though they may be modified in the future. *See id.* at ¶ 15; *Martin v. Arapahoe Cnty. Ct.*, 2016 COA 154, ¶¶ 22-23 (A PPO is a "final ruling regarding the plaintiff's entitlement to a civil protection order."); § 13-14-108(2), C.R.S. 2025 (establishing that a protected

5

party may move to modify a PPO at any time and a restrained party may move to modify a PPO two years after its entry or after the disposition of a prior motion to modify).

¶ 15    Second, we agree with Woo that, if we were to deem this order nonfinal simply because he may refile the motion in the future based on changed circumstances, the order may *never* be final, thus denying Woo his right to appellate review.  *See Woo II*, ¶ 48 (A "trial court may deny a motion for return of property without prejudice to allow the defendant to refile it after a direct appeal, during postconviction proceedings, or following an appeal from those proceedings.").  That is especially true when — as here — Woo has no time limit to file a motion for postconviction relief under Crim. P. 35(c).  Likewise, such a conclusion could unfairly hamper the People's position.  If the district court denied a motion as to some items of property but erroneously granted it as to other items over the People's objection, the People would be unable to seek review of the order before any retrial — and would potentially be required to retry the case without crucial evidence.

¶ 16    Third, this approach appears consistent with that of appellate courts in other jurisdictions, which have reviewed comparable

orders addressing motions for the return of property despite ongoing postconviction proceedings (or the possibility of future postconviction proceedings). *See, e.g.*, *United States v. Alford*, 805 F. App'x 924, 926 (11th Cir. 2020) (per curiam) (reviewing and affirming a district court's denial of the defendant's motion for return of property because the evidence would be needed at a new trial if the defendant's motion to vacate was successful); *State v. Assad*, 8 N.W.3d 729, 731-33 (Neb. 2024) (reviewing a partial denial of the defendant's motion for return of property despite the possibility that the defendant could file a future postconviction motion); *Sutherland v. State*, 860 So. 2d 505, 506 (Fla. Dist. Ct. App. 2003) (reviewing and affirming a trial court's denial of a motion to return property despite the defendant's pending ineffective assistance motion and noting that, if the motion was denied, the defendant could renew his motion to return property); *see also United States v. Nocito*, 64 F.4th 76, 81 (3d Cir. 2023) (noting that an order denying a Fed. R. Crim. P. 41(g) motion for return of property is final if "made independently of a criminal prosecution — in that it is not intended to gain some strategic advantage for a criminal defendant"); *Di Bella v. United States*, 369

7

U.S. 121, 131-32 (1962) (noting that even a pre-indictment motion for return of property under then Fed. R. Crim. P. 41(e)[1] can be final if the motion (1) "is solely for return of property" and (2) "is in no way tied to a criminal prosecution in esse against the movant"[2]).

¶ 17    For these reasons, we hold that an order resolving a defendant's motion for the return of property on its merits is a final appealable judgment.

¶ 18    We next turn to the merits of Woo's appeal.

### III.   Return of Property

#### A.   Applicable Law and Standard of Review

¶ 19    In a motion for return of property, "a criminal defendant must make a prima facie showing that: (1) he owns or is otherwise entitled to possess the requested property and (2) the requested property was seized by law enforcement as part of his case." *Woo,*

---

[1] Subsection (e) of Fed. R. Crim. P. 41 was redesignated in 2002 as subsection (g), and "courts have applied the case law concerning former Rule 41(e) to the current Rule 41(g)." *De Almeida v. United States*, 459 F.3d 377, 380 n.2 (2d Cir. 2006).

[2] Federal courts have applied this two-part test established under *Di Bella v. United States*, 369 U.S. 121, 131-32 (1962), to both pre- and post-indictment Rule 41(g) motions. *See, e.g., United States v. Nocito*, 64 F.4th 76, 81-83 (3d Cir. 2023); *Allen v. Grist Mill Cap. LLC*, 88 F.4th 383, 394 n.10 (2d Cir. 2023).

¶ 45. The district court concluded, and the People don't dispute, that Woo satisfied the prima facie showing.

¶ 20    Next, "the burden shifts to the prosecution to demonstrate by a preponderance of the evidence" at least one of the following:

> (1)    the requested property is the fruit of illegal activity or is otherwise connected to criminal activity;
>
> (2)    the defendant is not the owner of the requested property or a person entitled to possess it;
>
> (3)    it would be unlawful for the defendant to possess the requested property;
>
> (4)    the prosecution may need the requested property later, including after a direct appeal, during postconviction proceedings, or following an appeal from those proceedings; or
>
> (5)    based on any relevant factors, including the type of case and the nature of the requested property, it would be inappropriate to grant the defendant's motion.

*Id.* at ¶ 46. The preponderance of the evidence standard "directs the court to decide whether the existence of a contested fact is 'more probable than its nonexistence.'" *People v. Marx*, 2019 COA

138, ¶ 49 (quoting *People v. Taylor*, 618 P.2d 1127, 1135 (Colo. 1980)).  "In its discretion, the [district] court may hold a hearing (evidentiary or non-evidentiary) before resolving a motion for return of property."  *Woo*, ¶ 48.

¶ 21　　We review the denial of a motion for return of property for an abuse of discretion.  *See DeLoge v. State*, 2007 WY 71, ¶ 22 (citing federal cases).  "A trial court abuses its discretion when its ruling is manifestly arbitrary, unreasonable, or unfair, or if it misconstrues or misapplies the law."  *People v. Quillen*, 2023 COA 22M, ¶ 14. When the district court's ruling rests on an underlying question of fact, we defer to the court's factual determination unless it is clearly erroneous.  *See People v. Smith*, 2024 CO 3, ¶ 16 (noting that we generally defer to a postconviction court's factual findings if supported by the record); *see also United States v. Dean*, 100 F.3d 19, 20 (5th Cir. 1996) (deferring to the district court's factual findings when reviewing the denial of a motion for return of property).  We review the court's legal conclusions de novo.  *See Smith*, ¶ 16.

## B. Additional Facts

¶ 22     After the police seized Woo's digital devices following his arrest, the sheriff's office's computer forensics unit copied the contents of the devices to a six-terabyte hard drive for discovery purposes (discovery drive). The prosecution explained in a pretrial motion that certain of the files on the devices were "intimate" or "explicit" photos and videos of J.T. (The prosecution didn't explain how it distinguished between "intimate" and "explicit" images or whether any of them were sexual in nature.) The prosecution sought a protective order precluding Woo's trial counsel from disseminating any of the "explicit" images and requiring defense counsel to return them after trial because, the prosecution alleged, Woo had threatened to release the images. Woo's trial counsel didn't object to the entry of the protective order, and the court granted the prosecution's motion at a hearing. After his conviction, Woo moved (1) to lift the protective order and (2) for release of the discovery drive to him. The court denied both motions. (Those denials are not before us.)

¶ 23     In his motion for return of property at issue in this appeal, Woo sought the return of the original digital devices (rather than

the discovery drive or other storage devices to which some of his files may have been copied) and the data stored on the original storage devices.  The district court granted his request for the return of some of the devices and denied the request as to other devices.  The court found that seven devices contain "graphic images" of J.T., which would be inappropriate to return to Woo given the nature of the case:

- "47-RSH": "Western Digital 1TB black hard drive";
- "48-RSH": "Seagate 5TB external hard drive";
- "49-RSH": "Iomega external hard drive enclosing 1 TB Seagate hard drive";
- "50-RSH": "Western Digital 'My Passport' Ultra 2TB external hard drive";
- "51-RSH": "Toshiba 1 TB external hard drive";
- "52-RSH": "Canon Vixia HF10 digital camcorder"; and
- "73-RSH": "Black Dell 128MB thumb drive," "Samsung 2GB SD card," and "Transcend 2GB SD card."

(We refer to these devices collectively as the "image devices.")  The court rejected Woo's suggestion that images of J.T. be removed from the image devices under his supervision before the devices are

12

returned to him (or sent to his family overseas). Finally, the court expressed uncertainty over whether Woo owns or has the right to possess the "graphic images" and noted that, in any event, a Colorado Department of Corrections regulation prohibits inmates from possessing sexually explicit images.

¶ 24    The court also denied the return of multiple items of digital and nondigital property, including "66-RSH": "Western Digital 250GB hard drive in box" (drive 66-RSH), because it concluded that the prosecution had met its burden to demonstrate a potential need for them in the event of a retrial.

¶ 25    Woo contends that the district court abused its discretion by denying his request for return of (1) the seven image devices because the People didn't prove by a preponderance of the evidence that each device contains "graphic" images; (2) other evidence because the prosecution didn't prove it may need that evidence in the event of a retrial; and (3) drive 66-RSH because the court failed to resolve a dispute about whether the prosecution could open the

drive and whether it may need the files stored on it in the event of a retrial.[3]

¶ 26    Based on the record, we conclude that the district court abused its discretion by denying the return of the image devices and drive 66-RSH based solely on the prosecution's statements in response to Woo's motion.  However, we conclude that the district court didn't abuse its discretion with respect to any other items of property.

### C.    Analysis

#### 1.    Contents of the Image Devices

¶ 27    The district court's ruling denying the return of the image devices contains three parts: (1) factual findings that each device contains "graphic" images of J.T.; (2) a discretionary ruling rejecting Woo's suggested "procedure" that images of J.T. be deleted from the devices in his presence; and (3) a discretionary ruling that, given the nature of the case (and the court's rejection of Woo's suggested removal procedure), it would be inappropriate for Woo to regain

---

[3] As best we can discern, Woo doesn't appeal the court's finding that he wasn't entitled to certain items of property because he doesn't own them.

possession of the devices (or for them to be sent to his family in Hong Kong) because they contained "graphic" (or "explicit") images.

¶ 28   As we understand his appellate arguments, Woo doesn't seek the return of *any* images of J.T.  But he contends that the prosecution didn't present sufficient evidence that each of the image devices in fact contains such images.  We agree.

¶ 29   In its response to Woo's motion for return of property, the prosecution noted that the protective order remained in place "over any materials which contained [e]xplicit images" of J.T. and stated its positions as to each image device as follows:

> [47-RSH:] Detective Mackey bookmarked 7 graphics.  Include protected content.  Object to release.
>
> [48-RSH:] Detective Mackey bookmarked 19 graphics.  Object to release.
>
> [49-RSH:] Includes protected content.  Object to release.
>
> [50-RSH:] Detective Hubbel bookmarked over 600 items on this device.
>
> [51-RSH:] Detective Mackey bookmarked 29 graphics after review of this device.  Object to release.
>
> [52-RSH:] Photos of victim in lingerie or nude with a ring on her finger.  Object to release.

15

[73-RSH:] Includes protected content.  Object to release.

¶ 30    The district court denied the return of these devices based on these statements alone.  But the prosecution's arguments aren't evidence.  *See Robertson v. People*, 2017 COA 143M, ¶ 35 ("The arguments of counsel, of course, are not evidence." (alteration omitted) (quoting *City of Fountain v. Gast*, 904 P.2d 478, 482 n.5 (Colo. 1995)).  And the court couldn't find that the prosecution satisfied its burden to prove by a preponderance of the evidence that the image devices contain images of J.T. (and therefore shouldn't have been returned to Woo) when the prosecution didn't produce any evidence in support of its claim.  *Cf. DeLoge*, ¶¶ 24-26 (holding that unsubstantiated representations are insufficient for purposes of demonstrating a continuing legitimate government interest in retention of a defendant's property).

¶ 31    We also note that, for devices 48-RSH, 50-RSH, and 51-RSH, the prosecution alleged that a detective "bookmarked" certain "items" or "graphics," without providing any additional details about what was bookmarked.  Thus, it's not clear that the prosecution

even alleged that those devices contain images of J.T. (whether subject to the protective order or not).

¶ 32    We acknowledge that some of Woo's arguments contain at least an implied concession that images of J.T. are stored on some of the devices. But Woo argued below (and he argues on appeal) that the data on some of the image devices predate his first encounter with J.T. and therefore can't contain photos of her. And he specifically disputed that devices 49-RSH and 73-RSH contain *any* data regarding J.T. In any event, the burden was on the prosecution to demonstrate, by a preponderance of the evidence, why Woo isn't entitled to the return of the items he requested. *See Woo*, ¶ 46.

¶ 33    Under these circumstances, we conclude that the district court erred by denying the motion based solely on the prosecution's representations. *See DeLoge*, ¶ 26. We reverse the court's order and remand for further proceedings. On remand, the district court may, in its discretion, take additional evidence or hold a hearing

regarding the contents and disposition of the image devices.[4] *See*

*Woo*, ¶ 48.

¶ 34    Because they may arise in the same posture on remand, we also address two of Woo's other contentions. First, we reject Woo's claim — to the extent he makes it — that the district court abused its discretion by rejecting his suggested procedure for removing the images of J.T. In rejecting Woo's suggestion to remove the images in Woo's presence, the district court cited (1) "logistical and safety concerns" of bringing evidentiary items to prison and (2) concerns about spoliation in the event any evidence was needed in the future. These considerations are reasonable, and it wasn't an abuse of

---

[4] To the extent the People contend that the trial court also denied Woo's motion based on the need to retain the image devices in the event of a retrial, we disagree. The court set forth general principles about the need of the evidence for a retrial and the reasons it would be inappropriate to return to Woo devices containing graphic images and then explained, "Following the above analysis and conclusions, the Court will now address the individual items of evidence [Woo] has requested be returned to him." The court then listed the items of property and made "Findings and Order[s]" pertaining to each item. The court's only findings and orders pertaining to the image devices were that the drives "contain graphic images" that would be inappropriate to return to Woo or his family.

discretion to preclude Woo from viewing any images of his victim during the removal process.

¶ 35 Second, we reject Woo's argument that *Woo*'s fifth prong — allowing a district court to deny the return of property because it would be inappropriate — is unconstitutional. *See id.* at ¶ 46. We, like the district court, "are bound by the rule[s] as expressed by the Colorado Supreme Court, and we are not free to depart from [its] precedent." *People v. Robson*, 80 P.3d 912, 914 (Colo. App. 2003).

### 2. Potential Need for Retrial

¶ 36 Woo next contends that the court abused its discretion by denying the return of all other items of property because the prosecution didn't present sufficient evidence that the items may be needed in the event of a retrial. Except for drive 66-RSH, *infra* Part III.C.3, we disagree.

¶ 37 In its order, the district court largely adopted the prosecution's position that Woo's ongoing ineffective assistance proceedings give rise to the possibility of a retrial. We agree. To the extent the district court needed evidence that a retrial is a possibility, it could simply take judicial notice of the ineffective assistance proceedings in its own file. *See People v. Sena*, 2016 COA 161, ¶ 23 ("The

19

occurrence of legal proceedings or other court actions are proper facts for judicial notice."). And we agree with the district court and the People that it's not possible to know with certainty what evidence may be necessary in the event of a retrial. *See Assad*, 8 N.W.3d at 732 (holding that the State had an interest in retaining defendant's seized property because defendant's potential postconviction actions could lead to a new trial); *Sutherland*, 860 So. 2d at 506 (affirming denial of motion for return of property in light of defendant's motion to vacate his plea due to ineffective assistance of counsel); *State v. Walls*, 2018-Ohio-329, ¶ 78 (6th Dist.) (upholding refusal to return defendant's seized property because defendant's challenges to the validity of the convictions demonstrated that the property may be needed as evidence in potential new trial). Thus, under these circumstances, the district court didn't abuse its discretion by denying the return of property for this reason.

### 3. Drive 66-RSH Inaccessibility

¶ 38 Finally, Woo contends the court abused its discretion by denying the return of drive 66-RSH. We agree.

¶ 39    The prosecution objected to releasing drive 66-RSH.  It asserted that the drive "[c]ould not be opened at this time," that it might be able to access the drive's contents in the future, and that data stored on the drive might be needed in the event of a retrial. The prosecution didn't explain, however, why it couldn't open drive 66-RSH, nor did it present any evidence that it had tried and failed to do so or suggest what data stored on 66-RSH might possibly be needed for a retrial.  Woo asserted that the prosecution had opened the drive before his trial and concluded that it didn't contain any relevant information.  He also asserted that all data on this drive predates his first encounter with J.T.

¶ 40    The district court accepted the prosecution's representation that it couldn't access the drive and concluded that a "retrial is possible" because of Woo's pending ineffective assistance claim. The court therefore found that the prosecution had proved that drive 66-RSH contains data that might be needed to retry the case.

¶ 41    As noted above, we agree with the district court that a retrial is possible.  But as with the image devices, the district court erred by relying solely on the prosecution's unsworn representations in their response to Woo's motion to support its finding that the device

21

"was unable to be accessed" before Woo's first trial and "may be able to be accessed at a future time." *See Robertson*, ¶ 35. And Woo specifically asserted the prosecution *had* opened the device and determined that its contents weren't relevant to his case. Therefore, we reverse the court's order as to drive 66-RSH.

¶ 42 On remand, the district court may take additional evidence or hold a hearing on the prosecution's efforts to open the drive, its assertion that it may be possible to open the drive in the future, and the basis for the prosecution's assertion that certain of the data stored on drive 66-RSH may be needed at a retrial. *See Woo*, ¶ 46 (explaining that, if the defendant makes a prima facie case for return of the subject property, the prosecution bears the burden of demonstrating by a preponderance of the evidence, among other facts, that it "may need the requested property later, including after a direct appeal, during postconviction proceedings, or following an appeal from those proceedings").

IV. Miscellaneous Claims

A. "Forfeiture"

¶ 43 As best we can discern, Woo argues that the denial of his motion for return of property permanently deprives him of the

property such that it is an "effective forfeiture" in violation of the Eighth Amendment. *See* U.S. Const. amend. VIII; *see also* Colo. Const., art. II, § 20 (prohibiting cruel and unusual punishment). We have reversed the district court's order as to the image devices and drive 66-RSH, so we need not consider this argument with respect to those items. As for the property that the prosecution established it may need at a retrial, the district court's order doesn't "permanently" deprive Woo of his property. To the contrary, the order contemplates that Woo can refile his motion after the conclusion of the ineffective assistance proceedings, any possible retrial, or any proceedings following the retrial. *See Woo*, ¶ 48. We therefore reject Woo's characterization of the partial denial of his motion as a "forfeiture."

### B.    Illegal Seizure

¶ 44    Woo also argues that some of the property at issue was seized illegally. However, such a claim is outside the scope of Woo's motion for return of property, and the court didn't err by not ordering the return of property on this basis. *Contrast id.* at ¶¶ 1, 43, 52-53 (establishing remedy in criminal cases for seeking postconviction return of property "*lawfully* seized by the

government" or "validly seized by law enforcement"), *with* Crim. P. 41(e) (permitting motion for return of property on grounds of *unlawful* search and seizure).

### C. DNA Preservation

¶ 45 Woo argues that the court erred by concluding that section 18-1-1103(2), C.R.S. 2025, applies to his property. That statute concerns a law enforcement agency's duty to preserve DNA evidence obtained when conducting a criminal investigation that results in a conviction for a class 1 felony. *Id.*; § 18-1-1102(1)(b), C.R.S. 2025. Assuming, without deciding, that the court erred in this respect, any error was harmless because the court concluded that Woo waived his right to have the DNA evidence preserved, *see* § 18-1-1106(2), C.R.S. 2025, and therefore it didn't deny the return of property on this basis. *See Hagos v. People*, 2012 CO 63, ¶ 12.

### V. Disposition

¶ 46 We reverse the district court's denial of the return of property as to the image devices and drive 66-RSH. All other portions of the district court's order remain undisturbed. The case is remanded to the district court. On remand, the district court may take additional evidence or hold a hearing as described above.

JUDGE LIPINSKY and JUDGE PAWAR concur.